UNITED STATES of America, Appellee,

v.

Terry Lee DRAKE, Appellant.

No. 90–2845.

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1991.

Decided Aug. 20, 1991.

Philip Ashley Moon, Fayetteville, Ark., for appellant.

Matthew W. Fleming, Fort Smith, Ark., for appellee.

Before LAY, Chief Judge, and PECK* and ROSS, Senior Circuit Judges.

PER CURIAM.

Terry Lee Drake pleaded guilty to making a false statement to a licensed federal firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6), 924(a) (1988), and to aiding and abetting another person in making a false statement in connection with completion of a fraudulent ATF Form 4473, in violation of 18 U.S.C. § 1001 (1988). He was sentenced to twenty-seven months in prison. On appeal, he argues that the district court incorrectly calculated his criminal history points and that the court should have departed downward for the substantial assistance he gave the government in prosecuting related cases. We affirm.

BACKGROUND

Drake was indicted in February, 1990, on seven counts relating to his attempt to purchase a firearm without disclosing that he was a convicted felon. He entered into a plea agreement with the government. He pleaded guilty to two counts and agreed to assist the government in prosecuting other related matters. The government agreed to dismiss five of the counts against him and to write a letter to the sentencing

---

* The HONORABLE JOHN W. PECK, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

court detailing Drake's assistance. Drake provided useful information and testimony to the government, which was detailed in a letter to the sentencing court. The government, however, elected not to make a motion for a downward departure for substantial assistance under U.S.S.G. § 5K1.1. Absent such a motion, the sentencing court declined to depart downward on its own. The court determined that Drake's criminal history score placed him in category IV, with a sentencing range of twenty-seven to thirty-three months. The district court sentenced Drake to twenty-seven months, stating that the low end of the range was appropriate because of Drake's assistance to the government.

## DISCUSSION

### I. *Calculation of Criminal History Score*

■ Under section 4A1.1 of the Sentencing Guidelines, defendants receive two points in their criminal history score for each prior sentence consisting of sixty days to thirteen months imprisonment, and one point for each prior sentence of less than sixty days. Drake had previously been convicted in Benton County, Arkansas of theft in 1989. Because Drake could not post bail, he spent seventy-eight days in jail awaiting trial on that charge. The state judge sentenced Drake to seventy-eight days, with credit for time served. Drake presented the district court with an affidavit from the state judge stating that had Drake been free on bond, he would have sentenced Drake to only twenty days in jail, and that the only reason he entered judgment for seventy-eight days was because Drake had already served that number of days awaiting trial. Because the actual recorded sentence for the Benton County conviction was for seventy-eight days, the district court awarded Drake two criminal history points pursuant to U.S.S.G.

§ 4A1.1(b). Had Drake received only one point for the Benton County conviction, his criminal history category would have been III instead of IV.

Drake contends that the actual sentence in the Benton County conviction should be considered to be twenty days because that was the state judge's intent. Using the seventy-eight day figure, Drake argues, punishes him for being too poor to post bail. Drake stresses that section 4A1.2(a)(1) defines a prior sentence as one previously imposed "upon adjudication of guilt," and his seventy-eight day sentence was imposed as detention in lieu of bail, not *upon* adjudication of guilt.

We conclude the district court was correct in holding that the Guidelines require the court to look to the plain wording of the actual sentence imposed. The commentary to section 4A1.2(b) states that "the length of a sentence of imprisonment is the stated maximum. That is, criminal history points are based on the sentence pronounced, not the length of time actually served." U.S.S.G. § 4A1.2(b), comment. (n. 2).[1]

In this case, the most authoritative record of the prior sentence is the state court judgment, not the state court judge's affidavit stating the sentence he would have imposed. The Benton County court's judgment reads that Drake was convicted of theft and sentenced to "serve 78 days in Benton County jail with credit for 78 days already served." Def.Ex. 6. Accordingly, the district court correctly concluded that this sentence was sixty days or more and that Drake should receive two criminal history points for his prior sentence.

### II. *Failure to Depart Under Section 5K1.1*

■ Drake argues that the district court erred in failing to depart downward for the

---

1. The Sentencing Commission has recognized that calculating criminal history scores based upon the maximum term imposed in prior criminal proceedings is an imperfect measure of the seriousness of past crimes. The Commission points out that district courts retain the power under section 4A1.3 to impose a sentence outside the applicable guideline range if the computation of the criminal history score seriously overestimates or underestimates the seriousness of past criminal conduct. U.S.S.G. § 4A1.1, comment. (backg'd). Drake does not argue that the district court should have departed downward under section 4A1.3.

assistance he gave the government. Section 5K1.1 of the Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. In this case, the government did not make such a motion, nor was it required to do so by the terms of the plea agreement. Drake argues that the government's failure to make such a motion was arbitrary and capricious and violated his fifth amendment due process rights. In the alternative, Drake contends that the government's letter detailing his assistance is the functional equivalent of a motion to depart.

We find that the government's failure to make a motion for departure under section 5K1.1 was not done in bad faith and was not arbitrary. *See United States v. Smitherman,* 889 F.2d 189, 191 (8th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990); *see also United States v. Hubers,* 938 F.2d 827 (8th Cir. 1991) (per curiam) (quoting *Smitherman* ). The government fully complied with the plea agreement, dismissing five of seven counts and detailing Drake's assistance to the government in a letter to the sentencing court. The district court relied on the government's letter in sentencing Drake to a term at the bottom of the applicable sentencing range. Under the circumstances, we cannot say the government acted in bad faith or acted arbitrarily.

### CONCLUSION

The district court correctly calculated Drake's criminal history score under the Guidelines. There also was no basis for the district court to depart under section 5K1.1 for substantial assistance.

We affirm the sentence imposed by the district court.