**UNITED STATES of America, Appellee,**

v.

**Eduardo URBIZU, also known as Edwardo Reyes, also known as Eddie, Appellant.**

No. 93–1287.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 19, 1993.

Decided Sept. 9, 1993.

Rehearing Denied Oct. 8, 1993.

[redacted] 

[redacted]

[redacted]

Robert P. Sass, St. Louis, MO, argued, for appellant.

Kenneth R. Tihen, St. Louis, MO, argued, for appellee.

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Eduardo Urbizu pled guilty to two counts of conspiracy to possess and deliver marijuana. The district court [1] sentenced him to 33 months of imprisonment. He appeals the district court's calculation of his criminal history score. We affirm.

I.

Urbizu was charged with two counts of conspiracy to possess and deliver marijuana and one count of distributing marijuana. On October 29, 1992, he entered a plea of guilty to the two conspiracy counts. The presentence report preliminarily calculated Urbizu's offense level at 17 and his criminal history category at II. Urbizu objected to the presentence report's determination that he was in criminal history category II. He argued that a 1983 conviction in the United States District Court for the Western District of Texas for conspiracy to import marijuana did not result in a "sentence of imprisonment," *see* U.S.S.G. § 4A1.1(b). On January 22, 1993, the district court overruled Urbizu's objection and assessed him two criminal history points for that prior conviction. The district court thus determined that Urbizu's criminal history category was II and that the applicable sentencing range was 27–33 months. The district court imposed a sentence of 33 months. Urbizu now appeals the district court's determination that he was in criminal history category II.

II.

[redacted] A criminal defendant accumulates criminal history points for prior convictions. A defendant earns three points for a "prior sentence of imprisonment" exceeding 13 months, U.S.S.G. § 4A1.1(a); two points for a "prior sentence of imprisonment" of at least 60 days but less than 13 months, U.S.S.G. § 4A1.1(b); and one point for "each prior sentence not counted in (a) or (b)," U.S.S.G. § 4A1.1(c). Urbizu argues that the sentence imposed by the Texas federal court in 1983, for which he served approximately five months in a halfway house and approximately five years on probation, merits only one criminal history point under subdivision (c), not two points under subdivision (b). We review a district court's application of § 4A1.1 under the clearly erroneous standard. *United States v. Pedroli,* 979 F.2d 116, 118 (8th Cir.1992).

No guideline explicitly states whether confinement in a halfway house constitutes a "prior sentence of imprisonment" under § 4A1.1. Background commentary, however, explains that "[s]ubdivisions (a), (b), and (c)

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

of § 4A1.1 distinguish confinement sentences longer than one year and one month, shorter confinement sentences of at least sixty days, and all other sentences, such as confinement sentences of less than sixty days, probation, fines, and *residency in a halfway house.*" U.S.S.G. § 4A1.1, comment. (backg'd.) (emphasis added). This commentary indicates that a sentence requiring residency in a halfway house should be categorized in subdivision (c). If so, then a sentence requiring confinement in a halfway house would not allow a district court to assess three criminal history points under subdivision (a) or two criminal history points under subdivision (b). *See United States v. Latimer,* 991 F.2d 1509, 1514–17 (9th Cir.1993).

But the commentary, while helpful in explaining the Sentencing Commission's intent on this general issue, does not answer the specific question presented by this case. Although Urbizu *served* five months in a halfway house, he was *sentenced* to

> imprisonment for a period of THREE (3) YEARS, of which the first SIX (6) MONTHS are to be served in a jail type institution, and the execution of the balance of the sentence of imprisonment is hereby suspended and the defendant placed on probation for a period of FIVE (5) YEARS with supervision....

(*See* Appellant's App. at 12–13; Appellee's Br., attach. B.) Thus, we must decide whether the nature of Urbizu's prior confinement is determined by how the sentence was pronounced or by how the sentence was actually served.

■ The government urges us to refer only to the sentence as pronounced by the sentencing court and thereby determine that Urbizu's prior conviction resulted in a "sentence of imprisonment." (Appellee's Br. at 6.) In support of this point, the government relies on an application note that states, in part: "For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum.... That is, *criminal history points are based on the sentence pronounced, not the length of time actually served.*" U.S.S.G. § 4A1.2(b), comment. (n. 2) (emphasis added). This application note, however, is in-

tended to help courts determine the *length* of a sentence of imprisonment. The length of a sentence of imprisonment is relevant only after the court has determined that a defendant in fact has a "prior sentence of imprisonment." The application note merely directs a sentencing court to either subdivision (a), (b), or (c), as appropriate. In this case, neither party claims that the district court erred by finding that Urbizu's prior sentence was less than 13 months.

■ Urbizu relies on a different portion of the same application note on which the government relies. Urbizu refers to language stating, "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence...." U.S.S.G. § 4A1.2, comment. (n. 2). This portion of the application note, however, is connected by citations to two guidelines that exclude any portion of a sentence that is suspended. *Id.* (citing U.S.S.G. § 4A1.2(a)(3) & (b)(2)). Here, the district court properly excluded the two-and-one-half years of Urbizu's sentence that were suspended. Urbizu cannot apply this commentary to characterize his five-month stint in a halfway house as something other than imprisonment.

The government also cites *United States v. Drake,* 942 F.2d 517 (8th Cir.1991), for the proposition that we should confine ourselves to the face of a sentencing court's written judgment. In *Drake,* the defendant argued that his criminal history category should reflect only 20 days of imprisonment for a prior conviction even though he was sentenced to 78 days. The defendant submitted an affidavit signed by the judge who sentenced him for his prior conviction. The judge stated in the affidavit that he imposed a 78–day sentence only to match the time defendant had already served in pre-trial detention and that, had the defendant not already served 78 days, the judge would have imposed a 20–day sentence. This court rejected the defendant's arguments, stating that "the most authoritative record of the prior sentence is the ... judgment." *Id.* at 518.

■ We find *Drake* helpful in this analogous context, where the Texas federal court's

written judgment and Urbizu's evidence describe the nature of his confinement differently. We believe a rule that relies on the language used in the sentencing court's judgment will better promote the purposes of Chapter 4 of the Sentencing Guidelines. Under this approach, a defendant's guideline range will more likely reflect the "defendant's record of past criminal conduct," U.S.S.G. Ch. 4, Pt. A, intro. comment., rather than the vagaries of the executive branch's implementation of his sentence, which may depend on peculiar circumstances, the availability of prison space, or perhaps the discretion of a Bureau of Prisons designator who equates a particular halfway house with a "jail type institution." Furthermore, we believe judicial efficiency is promoted and the need for additional factfinding is diminished when a district court can rely on a prior court's written judgment to determine the nature of a defendant's prior sentence.

Urbizu's sentence to a "jail type institution" was authorized by then-existing 18 U.S.C. § 3651 (1982) (repealed 1987), which permitted a "split sentence" consisting of, on the one hand, six months of confinement "in a jail-type institution or a treatment institution" and, on the other hand, a suspended sentence with probation. Because the Texas federal court specified a "jail type institution" for the first part of Urbizu's split sentence, we assume that the court did not intend that Urbizu be confined in a "treatment institution," which at that time was commonly equated with the term "halfway house," *see* Anthony Partridge, *The Sentencing Options of Federal District Judges* 4 (Fed.Jud.Ctr. June 1985). Thus, we hold that the Texas federal court's judgment proves that Urbizu has a "prior sentence of imprisonment of at least sixty days."

### III.

We find no error in the district court's assessment of two criminal history points under U.S.S.G. § 4A1.1(b) for Urbizu's 1983 conviction. Thus, we affirm the judgment of the district court.