**UNITED STATES of America, Appellee,**

v.

**Richard Alonzo HAYES, Appellant.**

**No. 93–1921.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1993.

Decided Feb. 3, 1994.

---

126

Albert S. Watkins, St. Louis, MO, argued, for appellant.

Howard J. Marcus, St. Louis, MO, argued (Stephen B. Higgins and Howard J. Marcus, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Richard Alonzo Hayes (Hayes) pleaded guilty to attempt to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846 (1988). The district court[1] imposed a 100–month sentence, which Hayes now appeals contending that the district court erred when it increased his offense level for the possession of firearms. We affirm.

## I. BACKGROUND

Postal inspectors apprehended Hayes after he opened a package containing a small amount of cocaine and marijuana. The inspectors followed him to the residence where he was arrested after an inspector had inserted, pursuant to court order, an electronic tracking device in the package and removed most of the previously discovered 347 grams of marijuana and 502 grams of cocaine.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Hayes received the package originally at a different address and drove away with the package upon receipt. Driving evasively, Hayes eventually pulled into a self-storage lot, drove through the lot, and then stopped at the residence where he was arrested.

At the time of Hayes's arrest, he had in his possession an access card and key to a self-storage locker located in the self-storage lot through which he had just driven. Seven days after the arrest, postal inspectors, equipped with a warrant, searched the locker finding two loaded .357 magnum revolvers, a loaded .44 magnum semi-automatic pistol, a grinder with white residue, a cellular telephone, a digital scale, and baggies. In addition, the locker contained photographs of Hayes as well as other individuals.

The district court added two levels to Hayes's base offense level due to his "constructive possession" of firearms. It is this two-level enhancement that Hayes now challenges.

## II. DISCUSSION

Section 2D1.1(b)(1) of the Sentencing Guidelines provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase [the offense level] by two levels." U.S.S.G. § 2D1.1(b)(1) (1993). We will not reverse the district court's factual finding that Hayes possessed a firearm for purposes of § 2D1.1 unless the district court's finding is clearly erroneous. *See United States v. Luster*, 896 F.2d 1122, 1128 (8th Cir.1990).

Hayes argues that the district court erred because (1) he did not possess the firearms throughout the commission of the offense, and (2) the government failed to prove that the firearms had a nexus with the drug offense. To enhance a sentence under § 2D1.1(b)(1), the government must show that the weapon was present and that it is at least probable that the weapon was connected with the offense. *United States v. Bost*, 968 F.2d 729, 732 (8th Cir.1992).

For purposes of a § 2D1.1 enhancement, constructive possession of a weapon is sufficient to show the presence of the weapon. *Id.* Hayes constructively possessed the firearms if he exercised " 'ownership, domin-

ion, or control' over the [firearms], 'or dominion over the premises.' " *Luster*, 896 F.2d at 1129 (quoting *United States v. Matra*, 841 F.2d 837, 840 (8th Cir.1988)). We have found constructive possession where weapons were found in a storage facility a significant period of time after a defendant's arrest. *United States v. Montanye*, 962 F.2d 1332, 1347–48 (8th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 418, 121 L.Ed.2d 341 (1992). In *Montanye*, although the defendant did not lease the facility, the FBI had observed the defendant visit it several times. *Id.* at 1348. When searched, the facility contained contraband previously in the possession of the defendant. *Id.* We found the defendant in *Montanye* exercised dominion over the facility and, hence, that he constructively possessed the weapons. *Id.*

Here, Hayes also had dominion over the premises where the firearms were found. He had ready access to the locker, evidenced by his possession of the access card and key to the facility. Furthermore, as indicated in his evasive trip, Hayes visited the facility but did not stop after receiving the package. Finally, the locker itself held evidence connecting it to Hayes, such as his pictures. In light of this evidence, the district court did not err when it found that Hayes had constructive possession of the firearms.

Once a court has found that a gun was present during the commission of an offense, the court must impose the § 2D1.1(b)(1) enhancement "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). In this case, the weapons recovered were neither hunting weapons nor weapons connected with other recreational activity, but rather were, according to the testimony of an experienced postal inspector, of the type associated with drug distribution. Moreover, the weapons were recovered in a storage locker with drug paraphernalia indicating that the location was utilized to prepare drugs for distribution. The district court had ample facts before it to find that it was probable that the weapons were connected with the offense. Thus, the district court did not err when it imposed upon Hayes a

**128**

two-level enhancement pursuant to § 2D1.1(b)(1) for the firearms found in the self-storage locker.

### III. CONCLUSION

Accordingly, because we find that the district court properly enhanced Hayes's sentence by two levels, we affirm.