**UNITED STATES of America, Appellee,**

v.

**Randall WYATT, Appellant.**

No. 93–3038.

United States Court of Appeals,
Eighth Circuit.

Submitted March 7, 1994.

Decided March 30, 1994.

H. Mark Preyer, Kennett, MO, for appellant.

Edward L. Dowd, Jr., Cape Girardeau, MO, for appellee.

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Randall Wyatt appeals the sentence imposed on him by the district court[1] after he pleaded guilty to drug offenses. We affirm.

On November 23, 1992, authorities arrested Wyatt and seized 6.7 grams of cocaine base from him. They also seized 27.3 grams of cocaine base from two individuals with whom Wyatt had met just before his arrest. Wyatt pleaded guilty to conspiring with those individuals to distribute cocaine base, and to possessing cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The district court determined that the offense involved 134.32 grams of cocaine base (crack) and set Wyatt's base offense level at 32. *See* U.S.S.G. § 2D1.1(c)(6) (at least 50 but not more than 150 grams of cocaine base). Wyatt's total offense level of 32 and his criminal history category of III produced a sentencing range of 151 to 188 months. The court sentenced him to a total of 151 months imprisonment and four years supervised release.

■ On appeal, Wyatt argues that the district court erred in its drug-quantity finding. We review for clear error a district court's determination of the quantity of drugs relevant to a defendant's offense.

*United States v. Cassidy,* 6 F.3d 554, 557 (8th Cir.1993). At sentencing the government introduced an investigative report into evidence; the report contained Wyatt's post-arrest statements to authorities describing his previous crack transactions with one of his coconspirators and others. The government also introduced testimony corroborating the statements. Wyatt testified that he had never engaged in any crack transactions before November 23, and that he did not remember making any statements to authorities. The district court was entitled to discredit his testimony, however, and to rely on the government's evidence. *See United States v. Adipietro,* 983 F.2d 1468, 1479 (8th Cir.1993). Based on the government's evidence, we conclude the district court's drug-quantity finding was not clearly erroneous. *See* U.S.S.G. § 1B1.3(a)(1), (2); *United States v. Chatman,* 982 F.2d 292, 294 (8th Cir.1992).

■ Wyatt next argues that the district court wrongly assessed one criminal history point for his state misdemeanor conviction for criminal damage to property. He renews the argument he made below—that he did not believe he had pleaded guilty to the offense because he thought the state prosecutor had otherwise "resolved" the matter after he agreed to pay for the damage. The government introduced into evidence the certified state conviction, which included a waiver of the right to a trial and to counsel, a statement that the undersigned pleaded guilty, and a judgment ordering court supervision for one year. Wyatt's signed name appeared twice on these documents, and he acknowledged that the signatures "could be" his. U.S.S.G. § 4A1.1(c). The court did not clearly err in finding that Wyatt had pleaded guilty to the offense. It therefore properly assessed one criminal history point for the conviction under U.S.S.G. § 4A1.1(c). *See United States v. Urbizu,* 4 F.3d 636, 637 (8th Cir.1993) (application of U.S.S.G. § 4A1.1 reviewed for clear error).

■ Wyatt nevertheless argues—relying on U.S.S.G. § 4A1.2(c) (sentences counted and excluded)—that the conviction should not

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

earn any criminal history points. Wyatt did not raise this argument below. *See United States v. Redlin,* 983 F.2d 893, 896 (8th Cir.) (sentence may be attacked on grounds raised for first time on appeal only under most exceptional circumstances; district court will not be reversed under those circumstances unless gross miscarriage of justice would otherwise result), *cert. denied,* — U.S. ——, 114 S.Ct. 75, 126 L.Ed.2d 44 (1993). In any event, his argument fails, because he received a one-year probationary sentence and the criminal-damage offense is unlike those offenses that never earn criminal history points. *See* U.S.S.G. § 4A1.2(c)(1), (c)(2).

■ Finally, Wyatt argues the district court erred in denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We review for clear error a district court's decision to deny such a reduction. *United States v. Furlow,* 980 F.2d 476, 476 (8th Cir.1992) (en banc), *cert. denied,* — U.S. ——, 113 S.Ct. 2353, 124 L.Ed.2d 261 (1993). We see no clear error here. At sentencing, Wyatt denied that he had engaged in the prior crack transactions assessed against him as relevant conduct. *See* U.S.S.G. § 3E1.1, comment. (n. 1(a)) (defendant who falsely denies relevant conduct that court determines to be true has acted in manner inconsistent with acceptance of responsibility).

Accordingly, we affirm.