29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Victor R. AGUASVIVAS, Appellant.
 No. 93-3906.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 21, 1994.
Filed: July 26, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Victor Aguasvivas appeals his 120-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(A), and 846. We affirm.
 
 
 2
 At his plea hearing, Aguasvivas specifically admitted to conspiring to possess and distribute more than 5 kilograms of cocaine. The court informed him that the charge to which he was pleading guilty was subject to a penalty of not less than ten years. At sentencing, Aguasvivas attempted to explain his prior admissions and to clarify that his personal involvement was limited to 1 kilogram of cocaine. An FBI agent testified, however, that various co-conspirators had attributed to Aguasvivas amounts of cocaine totalling well over 5 kilograms. Partly based on Aguasvivas's prior admissions, the court determined that he was involved with 5 or more kilograms, and that the ten-year statutory minimum sentence applied.
 
 
 3
 On appeal, Aguasvivas argues that his admissions during his guilty-plea hearing were not conclusive proof of the quantity of cocaine for which he could be held accountable.
 
 
 4
 A district court may consider any relevant evidence in its sentencing determination as long as it has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. Sec. 6A1.3(a). The court's findings as to drug quantity attributable to a defendant will not be overturned on appeal unless clearly erroneous, and its findings as to witness credibility are " 'virtually unreviewable on appeal.' " United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (quoting United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992)). We conclude the district court did not clearly err in crediting Aguasvivas's plea-hearing testimony, especially as it was corroborated at sentencing by the FBI agent. See United States v. Wyatt, 19 F.3d 1283, 1284 (8th Cir. 1994) (per curiam).
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri