72 F.3d 134
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of AMERICA, Appellee,
v.
Ronnie D. RICE, Appellant.
 No. 95-1923.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 29, 1995
Filed Dec. 12, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronnie D. Rice appeals the 135-month sentence imposed on him by the district court[1] following his guilty plea to charges of distributing cocaine base (crack), in violation of 21 U.S.C. Secs. 841(a)(1) and 860(a) and 18 U.S.C. Sec. 2. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The Anders brief raises issues regarding the district court's drug-quantity finding and the court's refusal to grant Rice an acceptance-of-responsibility reduction. We affirm.
 
 
 2
 At sentencing, the district court found that between 50 and 150 grams of crack could be attributed to Rice. The district court's drug-quantity determination is a factual finding reviewed for clear error, United States v. Logan, 54 F.3d 452, 454 (8th Cir.1995), and the court's findings "as to the credibility of a witness are 'virtually unreviewable on appeal.' " United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir.1993) (quoted case omitted). After reviewing the record, including the transcript of the lengthy sentencing hearing at which Rice and his codefendant testified, we conclude that the district court's drug-quantity finding is not clearly erroneous. See U.S.S.G. Sec. 1B1.3 (relevant conduct); U.S.S.G. Sec. 2D1.1, comment. (n.12) (where there is no drug seizure or amount seized does not reflect scale of offense, court shall approximate quantity of controlled substance); United States v. Karam, 37 F.3d 1280, 1286 (8th Cir.1994), cert. denied, 115 S.Ct. 1113 (1995).
 
 
 3
 We also conclude the district court did not clearly err in denying Rice an acceptance-of-responsibility reduction, because Rice denied engaging in crack transactions the district court assessed against him as relevant conduct. See U.S.S.G. Sec. 3E1.1 comment. (n. 1(a)) (adjustment not proper when defendant falsely denies relevant conduct the court determines to be true); United States v. Wyatt, 19 F.3d 1283, 1285 (8th Cir.1994) (per curiam) (no clear error in denying Sec. 3E1.1 adjustment where defendant at sentencing denied his own prior statements and other evidence of drug transactions district court used to determine relevant conduct).
 
 
 4
 Rice's pro se ineffective-assistance claims should be presented in a 28 U.S.C. Sec. 2255 motion. See United States v. Kenyon, 7 F.3d 783, 785 (8th Cir.1993) (ineffective assistance claim best presented in Sec. 2255 motion and will not be considered on direct appeal unless claim has been presented to district court so proper factual record can be made).
 
 
 5
 After reviewing the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no other nonfrivolous issues.
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa