_____

No. 95-2712
_____

United States of America,           *
                                     *
          Appellee,                  *
                                     *  Appeal from the United States
      v.                             *  District Court for the
                                     *  Western District of Missouri.
Kevin Lamar Harris, also known       *
as Littleman,                        *  [UNPUBLISHED]
                                     *
          Appellant.                 *


_____

          Submitted:  January 2, 1996

            Filed:  January 8, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Kevin Lamar Harris, an African-American, challenges the 120-month sentence imposed by the district court[1] after he pleaded guilty to distributing cocaine base (crack) and possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm.

     When Harris was arrested, following his purchase of cocaine from a confidential informant, police officers recovered a semi-automatic pistol from the driver's side floorboard of the car Harris was driving.  Harris stipulated that the gun was loaded with a clip containing eleven rounds and a live round in the chamber. Harris's presentence report contained a recommendation for a two-level dangerous-weapon enhancement under U.S.S.G. § 2D1.1(b)(1).

_____

     [1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Harris objected, contending that the gun was not his. In support, he introduced his sister's testimony at sentencing that she bought the gun and placed it under the seat when she borrowed the car from another sister the day before Harris was arrested. The district court overruled Harris's objection.

On appeal, Harris challenges the dangerous-weapon enhancement, arguing that it is not supported by any evidence. We reject his argument and conclude the district court did not clearly err in assessing the enhancement. See United States v. Darden, Nos. 94-3386/3448/3449/3451/3452/3453/3456, slip op. at 69, 1995 WL 689372 (8th Cir. Nov. 22, 1995) (standard of review). The Guidelines provide for a two-level enhancement if the defendant possessed a firearm. U.S.S.G. § 2D1.1(b)(1). The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense"; the enhancement "reflects the increased danger of violence when drug traffickers possess weapons." Id. comment. (n.3).

For purposes of section 2D1.1(b)(1), and contrary to Harris's argument, the government did not have to show he used the gun[2]; although the gun's mere presence would not support the enhancement, constructive possession would. See United States v. Turpin, 920 F.2d 1377, 1386 (8th Cir. 1990), cert. denied, 499 U.S. 953 (1991); see also United States v. Hayes, 15 F.3d 125, 127 (8th Cir.) (defining constructive possession), cert. denied, 114 S. Ct. 2718 (1994). Even if, as he contends, Harris did not have the gun on

---

[2]In a letter submitted pursuant to Federal Rule of Appellate Procedure 28(j), Harris contends the Supreme Court's recent decision in Bailey v. United States, Nos. 94-7448 & 94-7492, 1995 WL 712269 (U.S. Dec. 6, 1995), is "dispositive of [the dangerous-weapon enhancement] issue." We reject this argument. See Bailey, 1995 WL 712269, at *9 (referring to section 2D1.1(b)(1) enhancement as tool for dealing with those who mix guns and drugs, but whose conduct does not fall within meaning of section 924(c)(1)).

his person when he bought the cocaine, the gun was readily accessible to him, it was loaded and had a bullet in the chamber, and it was near the cocaine when he tried to elude authorities. See Turpin, 920 F.2d at 1386-87 (finding sufficient nexus where gun observed "between" co-defendants seated in car); United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir.) (upholding dangerous-weapon enhancement where gun found under defendant's car seat), cert. denied, 496 U.S. 942 (1990). Moreover, the district court was free to discredit the testimony of Harris's sister. See United States v. Wyatt, 19 F.3d 1283, 1284 (8th Cir. 1994) (per curiam); see also United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (district court's credibility determinations virtually unreviewable on appeal).

Next, Harris argues the district court erred in refusing to sentence him in accordance with a proposed amendment to the Sentencing Guidelines--which would have eliminated the 100-to-1 ratio between the penalties for crack cocaine and powder cocaine--forwarded by the United States Sentencing Commission to Congress for its consideration. We conclude the district court properly refused to sentence Harris in accordance with the proposed amendment, which was subsequently rejected by Congress.[3] See United States v. Lamere, 980 F.2d 506, 512 (8th Cir. 1992) (district court could not have erred by failing to consider application note that was merely proposed but never adopted).

Finally, Harris contends that the distinction between the penalties for crack cocaine and powder cocaine has a disparate impact upon African-Americans in violation of the Equal Protection Clause. He points to the United States Sentencing Commission's February 1995 conclusion that the 100-to-1 ratio is not justified, and urges us to reconsider our decision in United States v. Clary,

---

[3]Federal Sentencing Guidelines, Amendment, Disapproval, Pub. L. No. 104-38, 1995 U.S.S.C.A.N. (109 Stat.) 334.

-3-

34 F.3d 709 (8th Cir. 1994) (holding that any disparate impact on African-Americans resulting from 100-to-1 ratio does not violate Equal Protection Clause), cert. denied, 115 S. Ct. 1172 (1995). We have consistently rejected such claims, see, e.g., United States v. Delaney, 52 F.3d 182, 189 (8th Cir.), cert. denied, 116 S. Ct. 209 (1995), and have recently refused to reconsider Clary, United States v. Thompson, 51 F.3d 122, 127 (8th Cir. 1995); see also United States v. Polanco, 53 F.3d 893, 896 (8th Cir. 1995) (only court en banc can overturn decision of another panel of court), pet. for cert. filed, No. 95-5022 (U.S. June 29, 1995).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-