# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-2864

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Bruce Barresse, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 4, 1997
Filed: June 9, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

After Bruce Barresse pleaded guilty to conspiring to possess methamphetamine with intent to distribute, the district court sentenced him to 188 months in prison and five years supervised release. On appeal, Barresse argues that the district court erred in denying his motion to withdraw his guilty plea and committed an error in applying the Sentencing Guidelines. We reject the latter contention but remand for further consideration of Barresse's motion to withdraw his plea.

1. On March 7, 1996, Barresse signed a letter agreement in which he agreed to cooperate in on-going criminal investigations. Pursuant to that agreement, on April 3 Barresse waived indictment, entered a plea of guilty to a one-count methamphetamine conspiracy information, and signed a Stipulation of Facts Relevant to Sentencing. On July 1, after the government advised that it would not file a downward departure motion under 18 U.S.C. § 3553(e) and U.S.S.G.§ 5K1.1, Barresse moved to compel the government's compliance with the plea agreement or to permit withdrawal of his guilty plea. On July 9, at sentencing, the district court denied that motion on the ground that deciding whether Barresse had provided substantial assistance "is within the government's decision-making and discretion," absent an abusive motive that had not been established in this case. Barresse appeals that ruling.

When the government fails to fulfill a material term of a plea agreement, the defendant may seek specific performance or may seek to withdraw his plea. See Santobello v. New York, 404 U.S. 257, 262-63 (1971). An unambiguous, unconditional promise to file a downward departure motion is binding on the government. See United States v. Coleman, 895 F.2d 501, 506 (8th Cir. 1990). If such a promise was part of the inducement or consideration underlying a guilty plea, its breach will entitle defendant to relief.

In United States v. Kelly, 18 F.3d 612, 616 (8th Cir. 1994), and United States v. Romsey, 975 F.2d 556, 557 (8th Cir. 1992), we affirmed denial of the relief Barresse seeks because the plea agreements clearly preserved the government's prerogative to decide whether defendant's cooperation warranted a substantial assistance motion, and therefore the government's refusal to file that motion was not a breach of the plea agreement. In this case, on the other hand, the cooperation agreement provided that, "in exchange for [Barresse] providing truthful information, complete cooperation, truthful testimony and assistance . . . the Government agrees to: File a motion pursuant to [§ 5K1.1 and § 3553(e)] recommending a downward-departure." The Stipulation of Facts Relevant to Sentencing in turn provided: "In exchange for [Barresse's] plea

of guilty and the fulfillment of the conditions of the attached cooperation agreement, the Government agrees to file a downward-departure motion."

We conclude that these agreements did not unambiguously reserve to the government its customary discretion to decide whether Barresse's cooperation warranted a substantial assistance motion. The cooperation agreement conditioned such a motion on Barresse providing truthful information and testimony and "complete cooperation." To defendants and defense attorneys who negotiate such agreements, "complete cooperation" may well connote doing all one can do to assist -- an objective standard -- whereas providing "substantial assistance" connotes doing enough to satisfy the government's unilateral notion of what assistance is "substantial." In other words, unlike the plea agreement in Kelly, these documents read as a whole do not make it clear that an ambiguous term, "complete cooperation," was intended to mean cooperation *that amounts to substantial assistance*. Accordingly, we must remand for further proceedings to determine (i) what the parties meant by "truthful information, complete cooperation, truthful testimony and assistance" in Part I of the cooperation agreement; (ii) whether Barresse met that condition as construed; and (iii) if Barresse satisfied the preconditions to the government's promise to file a substantial assistance motion, whether he is now entitled to relief for the government's breach of that promise. We express no views on the merits of those issues.

2. Barresse also argues the district court erred in increasing his base offense level under U.S.S.G.§ 2D1.1(b)(1) because he possessed a firearm during the course of conduct that included the conspiracy offense to which he pleaded guilty. We disagree. The firearm, drug paraphernalia, and a quantity of amphetamine were seized from Barresse during a traffic stop in December 1994. His Stipulation of Facts Relevant to Sentencing recited that he was involved in the methamphetamine distribution conspiracy between April 1995 and February 1996. Assuming this issue was properly preserved in the district court, we conclude the court did not clearly err in finding a sufficient nexus between Barresse's firearm possession and his drug-

trafficking activity.  See U.S.S.G.  App. C, Amendment 394 (clarifying that the relevant conduct provisions of § 1B1.3(a)(2) apply);  United States v. Mumford, 25 F.3d 461, 470 (7th Cir. 1994); United States v. Hayes, 15 F.3d 125, 127 (8th Cir.) (standard of review), cert. denied, 512 U.S. 1225 (1994).

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.