United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-3511

United States of America,       *
                             *

   Plaintiff - Appellee,   *

                              *   Appeal from the United States

v.                        *   District Court for the

                              *   Eastern District of Missouri.

Bruce Barresse,           *

                              *   **[PUBLISHED]**

   Defendant - Appellant.   *

_____

Submitted: April 16, 1998
Filed:  April 24, 1998
_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
_____

PER CURIAM.

In Bruce Barresse's plea agreement, the government promised to move for a substantial assistance downward departure if he provided "truthful information, complete cooperation, truthful testimony and assistance." At sentencing, the government refused to file that motion, and Barresse moved to compel compliance with the plea agreement or permit him to withdraw his plea of guilty to a drug trafficking conspiracy offense. The district court denied that motion because the question of substantial assistance is within the government's discretion, and Barresse appealed the resulting sentence. Noting that the term "complete cooperation" may connote doing all one can do to assist, rather than doing enough to satisfy the government, we

remanded for further consideration of what the parties meant by complete cooperation and whether Barresse met that condition as construed. United States v. Barresse, 115 F.3d 610 (8th Cir. 1997).

On remand, the district court[1] heard testimony by the Assistant United States Attorney and the attorney for Barresse who negotiated the plea agreement. After hearing arguments of counsel, the court found: (i) the plea agreement reflected the parties' agreement that the government would file a downward departure motion if Barresse provided "complete cooperation," even if the government did not believe his cooperation amounted to "substantial assistance"; (ii) the agreement is valid and enforceable even if the parties had different expectations as to what compliance would produce in the way of cooperation or assistance; and (iii) Barresse did *not* provide complete cooperation for two reasons -- he ignored a reasonable government request to stay out of Reynolds County, Missouri, where there was an outstanding warrant for his arrest, and his subsequent arrest and incarceration in Reynolds County prevented him from doing all he could to assist the government in apprehending and prosecuting other drug traffickers. Based upon these findings, the district court again denied Barresse's motion to compel compliance or withdraw the plea. Barresse appeals. After careful review of the remand hearing transcript, we conclude that the above findings are not clearly erroneous and the motion was therefore properly denied. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri.