# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2368

_____

United States of America,      *
     *
       Appellee,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    District of Minnesota.
Freddie Ross,      *      [UNPUBLISHED]
     *
       Appellant.      *

_____

Submitted: June 7, 2000
Filed: June 16, 2000

_____

Before MCMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Freddie Ross appeals from the final judgment entered upon his guilty plea to possessing crack with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced Ross to 175 months in prison and 5 years supervised release. Ross argues the district court erred in denying, after an evidentiary hearing, his motion seeking a substantial-assistance downward departure. Having carefully reviewed the record, we affirm.

_____

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

The district court did not err in refusing to grant a downward departure because Ross did not make a substantial threshold showing that the government's refusal to file a substantial-assistance motion was irrational, in bad faith, or based on an unconstitutional motive.  See Wade v. United States, 504 U.S. 181, 186 (1992) (defendant has no right to remedy in face of government's refusal unless he or she makes substantial threshold showing of government's improper motive; mere claim that defendant provided substantial assistance, whether standing alone or coupled with generalized allegations of improper motive, is insufficient); United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994) (district court is without authority to grant downward-departure motion for substantial assistance absent government motion, unless defendant can show government's refusal to make motion was irrational, in bad faith, or based on unconstitutional motive).  Additionally, the plea agreement explicitly preserved the government's discretion to decide whether to move for a downward departure.  Cf. United States v. Barresse, 115 F.3d 610, 612 (8th Cir. 1997) (only unambiguous, unconditional promises to file downward-departure motions are binding on government).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.