# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1834

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Bradley Kielian, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 7, 2000

Filed: August 10, 2000

_____

Before BOWMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After Bradley Kielian appealed his drug-related sentence, counsel filed a brief and moved to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967). Counsel's brief raises several arguments about Kielian's sentence. Having reviewed the record and counsel's <u>Anders</u> brief, we reject Kielian's arguments and affirm.

First, Kielian argues the district court committed error in fixing the drug quantity attributable to him. We review only for plain error because Kielian did not raise the drug-quantity issue below, <u>see</u> Fed. R. Crim. P. 52(b); <u>United States v. Montanye</u>, 996

F.2d 190, 192 (8th Cir. 1993) (en banc), and we conclude the unchallenged information in the presentence report (PSR) amply supports the district court's finding, see United States v. Beatty, 9 F.3d 686, 689 (8th Cir. 1993) (district court is permitted to accept as true all factual assertions not specifically objected to by parties). Second, Kielian challenges the imposition of a 2-level firearm enhancement. Again reviewing only for plain error, we conclude the district court properly assessed the enhancement. Although Kielian argues his fingerprints were not found on the gun, his constructive possession of the gun is sufficient to support the enhancement. The gun was found in Kielian's house, locked inside a safe containing other material with his fingerprints. See United States v. Hayes, 15 F.3d 125, 127 (8th Cir.), cert. denied, 512 U.S. 1225 (1994). Finally, Kielian argues the PSR contains erroneous information about his discharge from the military, and he complains the district court did not specify on the judgment and commitment whether Kielian is to go through a drug-treatment program in prison. Kielian's arguments fail because he neither objected to the allegedly erroneous information nor sought placement in a prison drug-treatment program.

Having satisfied ourselves that there are no other nonfrivolous issues for appeal, see Penson v. Ohio, 488 U.S. 75 (1988), we affirm the judgment of the district court, grant counsel's motion to withdraw, and deny Kielian's request for appointment of new counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-