# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2788

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Christopher J. Thomas, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 12, 2010
Filed: July 23, 2010

_____

Before LOKEN, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Christopher Thomas was arrested during a confidential informant's third purchase of crack cocaine. A warrant search of Thomas's residence yielded four bags containing crack cocaine in the laundry room, a shotgun in the bedroom closet, a loaded Glock pistol in a drawer under the bed, and ammunition for both firearms. Thomas's wife told police that Thomas sells crack cocaine but not from the residence, and that she had observed him cook cocaine in the residence. Thomas admitted the firearms were his. He was indicted and pleaded guilty to possession with intent to distribute five grams or more or cocaine base. He then committed additional drug offenses in the District of Kansas.

The Presentence Investigation Report recommended a two-level increase because Thomas possessed a firearm. See U.S.S.G. § 2D1.1(b)(1). Thomas objected and, at sentencing, presented testimony that he purchased the firearms some ten years earlier while working at a liquor store that required employees to purchase firearms. The district court[1] overruled the objection and imposed the two-level increase, resulting in an advisory guidelines sentencing range of 121 to 151 months in prison. The court sentenced Thomas to 121 months concurrent with his sentence for the subsequent Kansas offenses.

On appeal, Thomas argues the district court erred because the government failed to prove "that it is at least probable that the weapon was connected with the offense," quoting United States v. Payne, 81 F.3d 759, 762 (8th Cir. 1996), and United States v. Hayes, 15 F.3d 125, 127 (8th Cir.), cert. denied, 512 U.S. 1225 (1994). However, in United States v. Peroceski, 520 F.3d 886, 887 (8th Cir.), cert. denied, 129 S. Ct. 259 (2008), we noted "two competing lines of cases in our circuit" on this question. Unlike Payne and Hayes, most of our twenty-five prior decisions applied the standard found in the guidelines commentary, imposing the increase "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id. at 887-88; U.S.S.G. § 2D1.1 comment. (n.3). Noting the commentary is binding unless plainly erroneous, and that all other circuits apply the clearly improbable standard, we held that the government "must simply show that it is not clearly improbable that the weapon was connected to the drug offense." Id. at 889.

We agree with Peroceski and conclude the government easily met the "not clearly improbable" standard in this case. A stash of crack cocaine was found at the residence where the firearms were discovered, and Thomas's wife advised police he

_____

[1]The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of Missouri.

had cooked cocaine there.  The district court did not clearly err in inferring from these facts a "likely connection" between the previously acquired firearms and the later drug activities because, as the court explained, "it could be an additional reason for having drug activities on the premises because the firearms were present."  Though the controlled buys did not take place at the residence, "[t]he dangerous weapon enhancement applies if the firearm is present during 'relevant conduct,' as defined by U.S.S.G. § 1B1.3(a)(2), not merely during the offense of conviction."  United States v. Ault, 446 F.3d 821, 824 (8th Cir. 2006) (quotations omitted).

The judgment of the district court is affirmed.

_____