# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3231
_____

United States of America

*Plaintiff - Appellee*

v.

Carmetrius Sanders

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 24, 2021
Filed: November 15, 2021
[Unpublished]
_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.
_____

PER CURIAM.

Carmetrius Sanders pleaded guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced

to 84 months' imprisonment.  Sanders appeals, arguing that the district court[1] erred in calculating his criminal history score under the U.S. Sentencing Guidelines (Guidelines).  We affirm.

According to the presentence report (PSR), Sanders was "[s]entenced to 80 days jail" for two separate misdemeanor convictions.  The PSR thus assessed two criminal history points each for those convictions.  See U.S.S.G. § 4A1.1(b).  Had the sentences been less than 60 days, the convictions would have each been assessed only one point.  See U.S.S.G. § 4A1.1(c).  Sanders claimed that the sentences exceeded 60 days only because he was unable to make bail.  Accordingly, he moved for a downward departure on the basis that his criminal history score was overstated.  The district court denied the motion and determined that Sanders's total offense level was 23, his criminal history category was V, and his Guidelines sentencing range was 84 to 105 months' imprisonment.

Sanders argues that the district court plainly erred in calculating his criminal history score, because his inability to post bond is an improper basis on which to assess criminal history points.  See United States v. Gilliam, 934 F.3d 854, 861 (8th Cir. 2019) (standard of review).  His argument is foreclosed by United States v. Drake, 942 F.2d 517 (8th Cir. 1991) (per curiam).  In Drake, the defendant had spent 78 days in pretrial detention for a state offense and was sentenced to 78 days with credit for time served.  Id. at 518.  The state sentencing court would have sentenced him to only 20 days' imprisonment had he posted bond.  Id.  In the federal matter, the district court assessed two criminal history points because the sentence was more than 60 days.  Id.  We affirmed, concluding that "the Guidelines require the court to look to the plain wording of the actual sentence imposed."  Id.

---

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

There is no meaningful distinction between Sanders's case and <u>Drake</u>. Here, we can rely on the PSR's characterization of his sentence as being 80 days, because Sanders did not object to this factual statement. <u>See</u> <u>United States v. Humphrey</u>, 753 F.3d 813, 818 (8th Cir. 2014) ("[U]nless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." (quoting <u>United States v. Arrieta-Buendia</u>, 372 F.3d 953, 955 (8th Cir. 2004)). Nor did he offer any evidence to demonstrate that the court sentenced him only to an ambiguous "time served" sentence. Based on the unobjected to statements in the PSR, we conclude that the district court did not plainly err in assessing the two criminal history points to each misdemeanor.

The judgment is affirmed.

_____