**UNITED STATES of America, Appellee,**

v.

**Philip Joseph FAVARA, Appellant.**

**No. 92–2820.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1993.

Decided March 5, 1993.

Robert Gerard Malone, St. Paul, MN, argued, for appellant.

Michael W. Ward, Minneapolis, MN, argued (Thomas B. Heffelfinger and Michael W. Ward, on the brief), for appellee.

Before McMILLIAN, MAGILL and LOKEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Philip Joseph Favara appeals the seventy-month sentence imposed by the district court[1] following his guilty plea to conspiring to distribute cocaine. For reversal, Favara contends that (1) the government's bad faith refusal to move for a departure under U.S.S.G. § 5K1.1, p.s. violated due process; and (2) the district court abused its discretion by denying his motion for departure. We affirm the judgment of the district court.

Pursuant to a written plea agreement, Favara pleaded guilty to conspiring to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(ii), which carried a mandatory minimum sentence of ten years. The parties stipulated that Favara's total offense level under the Guidelines was 26 and his criminal history category II, resulting in a sentencing range of 70 to 87 months. Favara promised to provide full cooperation to the government in any investigations, prosecutions, or forfeiture actions concerning drug trafficking or other unlawful activity about which he had knowledge. In exchange, the government agreed to move, pursuant to 18 U.S.C. § 3553(e), for a downward departure from the statutory minimum ten-year sentence. The agreement specifically stated, however, that the government was not bound to move for a departure from the Guidelines range under § 5K1.1.

Favara provided the government with information about assets retained by other members of the conspiracy. Before sentencing, Favara obtained additional information about illegal drug activities. His attorney contacted the United States Attorney's Office and proposed that Favara would provide this additional information in exchange for a § 5K1.1 motion. The Assistant United States Attorney (AUSA) rejected that proposal, stating that the information would have to be evaluated before any decision could be made. The AUSA assured Favara's counsel, however, that the government would deal with him in good faith and if the information proved to be true, it would not go unrewarded. The information Favara provided resulted in the recovery of two kilograms of cocaine.

Prior to sentencing, the government moved for departure from the mandatory minimum ten-year sentence and recommended a sentence of seventy months. At sentencing, Favara argued that the government was obligated to move for a § 5K1.1 departure, and if it refused to so move, the district court should depart from the Guidelines range in the interests of justice. Favara conceded that the government had complied with the terms of the plea agreement, but contended that the additional information he had provided and the government's statements in response to that information amounted to an implied promise to move for a § 5K1.1 departure. The district court disagreed, granted the government's motion to depart below the ten-year statutory minimum, and imposed a seventy-month sentence.

On appeal, Favara contends that (1) the government's bad faith refusal to move for a § 5K1.1 departure violated due process; and (2) the district court abused its discretion by denying his motion for departure.

 Favara's first argument fails because the AUSA's statements in response to his offer to provide additional information did not amount to an enforceable promise to move for a § 5K1.1 departure. In *United States v. Coleman*, 895 F.2d 501 (8th Cir.1990), in response to a similar argument, we held: "An express promise to file a [§ 3553(e)] motion unambiguously binds the government. The lack of such a promise is clear evidence that such a promise was not made." *Id.* at 506; *see also United States v. Romsey*, 975 F.2d 556, 557–58 (8th Cir.1992). To the extent Fa-

---

**1.** The Honorable Robert G. Renner, Senior United States District Judge for the District of Minnesota.

**540**

vara claims that his assistance was so valuable that the government's refusal to file a § 5K1.1 motion amounted to bad faith and violated due process, this claim is foreclosed by *Wade v. United States,* — U.S. —, 112 S.Ct. 1840, 1843–44, 118 L.Ed.2d 524 (1992).

Favara's second contention—that the district court abused its discretion by denying his motion for a § 5K1.1 departure based on the additional information he supplied the government—is also meritless. District courts may review a prosecutor's refusal to file a substantial-assistance motion and grant relief if the refusal was based on an unconstitutional motive, but "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Id.* 112 S.Ct. at 1844. Favara did not attempt to show that the refusal was motivated by constitutionally impermissible concerns, but rather relied solely on the value of the information he provided as the basis for his motion. For the first time on appeal, Favara maintains that the district court could have departed under U.S.S.G. § 5K2.0, p.s. based on his substantial assistance. We do not address this claim because it was not raised in the district court. *United States v. Allmon,* 972 F.2d 244, 247 (8th Cir.1992).

Accordingly, we affirm the judgment of the district court.