# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2434

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Francisco Granados, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 1998

Filed: February 11, 1999

_____

Before BEAM, LAY, and LOKEN, Circuit Judges.

_____

PER CURIAM.

On July 30, 1990, Francisco Granados pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. On appeal, Granados challenged the district court's enhancement of his sentence for his possession of a firearm during the commission of the conspiracy. He also challenged the amount of cocaine for which he was held accountable. We affirmed Granados' sentence of 175 months. *See United States v. Granados*, 962 F.2d 767 (8th Cir. 1992).

In May of 1996, Granados filed a 28 U.S.C. § 2255 petition with the district court seeking to vacate, set aside, or correct his sentence on the grounds that his

counsel was ineffective and his guilty plea was involuntary. At that time, Granados claimed that his counsel promised him that the maximum sentence he would receive was five years. Granados argued that had he known of the likely sentence he would receive, he would not have agreed to plead guilty. After an evidentiary hearing lasting two days, the district court found that Granados' attorney was ineffective because he failed to consult or explain to Granados how the United States Sentencing Guidelines would affect his sentence.[1] However, the district court denied Granados post-conviction relief on the ground that the deficiency of his counsel did not result in prejudice. The court found that Granados was not prejudiced by his attorney's ineffectiveness because the court informed Granados of the statutory minimum and maximum sentence at the time of his plea and because Granados had signed a plea agreement stating that he understood that his maximum sentence could be forty years. Therefore, the court held that Granados' plea would stand. This court granted a certificate of appealability on the sole issue of ineffective assistance of counsel. We reverse and remand to the district court for a new sentencing hearing.

---

[1]The district court observed:

> I find that Brown failed in his duty to his client. A defendant has a right to know, to the fullest extent possible, what the consequences of a plea will be. The evidence presented at the hearing overwhelmingly shows that Brown was not aware of what impact the Sentencing Guidelines would have on the petitioner's sentence, did not inform the petitioner that such guidelines might be applied, and failed to consult the guidelines to ascertain any such effect. Although Brown could not have known exactly what the petitioner's sentence would be, he was required to investigate all possible consequences of a guilty plea and, at minimum, not to make uninformed promises about the petitioner's sentence. I find Granados' attorney was ineffective in the advice he gave Granados regarding his possible sentence.

Order on Pet. to Vacate Sentence at 9-10.

On appeal from the denial of post-conviction relief, Granados contends that ineffective assistance of his counsel prejudiced him because he would not have pleaded guilty if his attorney had informed him of the sentence he would receive under the Sentencing Guidelines. This argument is meritless because the law in this circuit is clear that a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences. *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994). Furthermore, a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence. *See Roberson v. United States*, 901 F.2d 1475, 1478 (8th Cir. 1990). It is clear from the record that Granados was informed of his possible maximum sentence. Notwithstanding our rejection of this argument, we find on an overall review of the record that Granados was prejudiced relating to the sentence Granados received.

*DISCUSSION*

Granados was indicted for conspiracy to distribute cocaine along with several of his co-conspirators. Pursuant to a plea agreement with the government,[2] which was

---

[2]There can be little question that the plea agreement served as an inducement for Granados' guilty plea as evidenced by the following questions and answers contained in the Petition to Enter Plea of Guilty:

Q. 36(a): Has any plea agreement been made by you with anyone which causes you to plead GUILTY?

A: Yes.

Q. 36(b): If so, exactly what is that agreement, as you understand it?

A: Government will amend indictment to charge Defendant with one count of conspiracy to distribute more than 3.5 kg,

accepted by the court,[3] Granados entered a plea of guilty to an amended indictment. The original indictment charged Granados with conspiracy to possess more than 5 kilograms of cocaine and less than 15 kilograms of cocaine, the amount of cocaine involved in the overall conspiracy. The government, however, in exchange for the defendant's plea of guilty, promised to amend the indictment to charge Granados with one count of conspiracy to distribute more than 3.5 kilograms but less than 5 kilograms of cocaine.  In addition, as part of the plea bargain the government agreed that "[t]he defendant in this case is pleading guilty to a charge which adequately reflects the seriousness of the actual offense behavior and the relevant conduct of the defendant as defined by the U.S. Sentencing Commission (See e.g., U.S. Sentencing Guidelines § 1B1.3)."  Notwithstanding this agreement, neither counsel for Granados nor the government objected to the Pre-Sentence Report (PSR), which attributed 5 to 15 kilograms of cocaine to Granados.[4]  Although Granados made written objection to the

---

but less than 5kg of cocaine.

[3]At the Rule 11 hearing held on July 31, 1990, when the defendant entered his guilty plea, the court was aware of the plea agreement and affirmatively announced that it chose "not to decide now whether to accept the plea agreement."  Tr. of Guilty Plea at 41:22-23.  At the sentencing hearing held on November 2, 1990, however, the court stated "I did not decide whether to accept the plea agreement earlier, so I do now accept the plea agreement . . . ."  Tr. of Sentencing Hearing at 32:1-3.  After accepting the plea agreement, Fed. R. Crim. P. 11(e)(3) requires the court to "inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."  The record indicates that did not occur.

[4]The Assistant United States Attorney made the following statements to the district court at sentencing:

The entire conspiracy that has been charged and the guideline range . . . adequately and accurately reflects Mr. Granados' involvement.

. . . I believe the information that's included within the pre-sentence report is accurate and it adequately reflects his involvement, and that Mr. Granados should be sentenced within the guideline range that is provided.

-4-

amount attributed to him in the PSR, his counsel stood mute on this subject at the sentencing hearing and never mentioned that the government had entered into a plea bargain in which it agreed that the scope of the relevant conduct attributable to Granados was limited to 3.5-5 kilograms of cocaine.[5] On this basis, we believe Granados' attorney's failure to read and understand the Sentencing Guidelines prejudiced Granados. By not informing the court that the amount of cocaine involved should not have exceeded 5 kilograms under the plea agreement and that consequently petitioner's offense level should have been 30 rather than 32, counsel's professional deficiencies allowed the government to violate the plea agreement. Thus, Granados was sentenced under a higher base offense level. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(c)(4)-(5) (Nov. 1990). While Level 32 would have resulted in a sentencing range of 151-188 months, Level 30 would have reduced the sentencing range down to a range of 121-151 months. See id. Ch. 5, Pt. A. Thus, Granados was sentenced to serve an additional forty to fifty months because his attorney was not familiar with the Guidelines and failed to challenge the government's breach of its plea agreement. In the present case the prosecutor also failed to apprise the sentencing court of the government's agreement as to relevant conduct. In *Santobello v. New York*, 404 U.S. 257, 262 (1971), the Supreme Court recognized that "when a plea rests in any significant degree on a promise or agreement

Tr. of Sentencing Hearing at 35: 9-25.

[5]This case is different than the routine case where a defendant may be held responsible for the overall amount of cocaine involved in the conspiracy if his co-conspirator's sales were in furtherance of the conspiracy and were either known by or foreseeable to him. See U.S.S.G. § 1B1.3, comment. (n.1) (Nov. 1990). In this case, the government expressly agreed that Granados was involved in an amount more than 3.5, but less than 5 kilograms of cocaine, and that this amount as charged in the amended indictment reflected the seriousness of Granados' actual offense behavior and relevant conduct. Thus, the government agreed that the scope of the relevant conduct attributable to Granados would not exceed five kilograms of cocaine.

of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *See also United States v. Barresse*, 115 F.3d 610, 612 (8th Cir. 1997) ("When the government fails to fulfill a material term of a plea agreement, the defendant may seek specific performance or may seek to withdraw his plea."); *United States v. Van Thournout*, 100 F.3d 590, 594 (8th Cir. 1996) ("Allowing the government to breach a promise that induced a guilty plea violates due process.").

Although Granados failed to raise these arguments in the district court or before this court, we have authority to review this issue for plain error. *See United States v. Brown*, 508 F.2d 427, 430 (8th Cir. 1974). The Supreme Court and this court have recognized in criminal cases that appellate courts can examine a critical issue affecting substantial rights *sua sponte* under Fed. R. Crim. P. 52(b).[6] *See Silber v. United States*, 370 U.S. 717, 717-18, 82 S. Ct. 1287, 1288 (1962); *United States v. Brown*, 508 F.2d 427, 430 (8th Cir. 1974). There can be little doubt that the petitioner's substantial rights are affected if his prison sentence is longer than it should have been.

On this basis we find the case should be remanded to the district court for a new sentencing hearing to consider the government's agreement that 3.5 to 5 kilograms of cocaine would be the appropriate relevant conduct attributable to Granados.

Reversed and remanded.

---

[6]Federal Rule of Criminal Procedure 52(b) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Supreme Court has observed that "[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Silber*, 370 U.S. at 718, 82 S. Ct. at 1288 (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S. Ct. 391, 392 (1936)).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.