**UNITED STATES of America, Plaintiff,**

v.

**Boyd L. WEHRBEIN, Jr., Defendant.**

**No. 4:98CR3050.**

United States District Court,
D. Nebraska.

June 14, 1999.

---

William W. Mickle, II, Assistant United States Attorney, Omaha, NE, for Plaintiff.

John C. Vanderslice, Federal Public Defender's Office, Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This matter came on to consider the motion to enforce plea agreement and objections to tentative findings (filing 47). I considered that motion on June 11, 1999, and denied it. Because this is a fairly complex matter, I will state the reasons in more detail for denying the motion for specific performance of the plea agreement.

### I.

The defendant was prosecuted in state court. After he served his prison sentence, he was prosecuted again in federal court for conduct that was closely related to the state court conviction. When the defendant pled guilty in federal court, the government and the defendant stated in a plea agreement that: "[t]he parties agree and stipulate that for sentencing purposes Defendant's Base Offense Level for Count I should be 12 and Base Offense Level 14 for Count IV." (Filing 32, attachment ¶ 10.)

I accepted the plea agreement at the time of the Rule 11 hearing. However, before doing so, I advised Mr. Wehrbein that "I'm not part of the plea agreement" and "that means as a practical matter . . . I don't have to follow it." (Filing 34 at 19:5–11.) At the time I accepted the plea agreement, the parties did not tell me and the written plea agreement did not provide that the agreement required a specific sentence within the meaning of Federal Rule of Criminal Procedure 11(e)(1)(C). Indeed, the parties even now agree that the plea agreement was not intended to constitute a Rule 11(e)(1)(C) plea agreement.

After preparing the presentence report, the Probation Officer concluded that the stipulation of the parties was incorrect. Reviewing the undisputed facts, the Probation Officer found that the plea agreement substantially understated the appropriate base offense level. The presentence report concluded that the base offense level for both offenses was 20 and, with enhancements for specific offense characteristics, the adjusted offense level for the most serious violation was 26. After giving Wehrbein 3 points for acceptance of responsibility, the total offense level for both offenses then became 23.

Wehrbein objected to the PSR. Among other things, he claimed that I was obligated the follow the stipulation regarding the appropriate base offense level. I disagreed and issued tentative findings.[1]

In my tentative findings, I made it clear that I was not bound by the stipulation like the one in this case, because the plea agreement was not made in accordance with Federal Rule of Criminal Procedure 11(e)(1)(C). Moreover, I noted that the sentencing guidelines specifically provide that plea-agreement-stipulations like the one here are not binding upon the court.

---

1. I also granted in part and denied in part certain objections to the presentence report. I gave notice that I intended to depart from Level 23 to Level 17 to account for the fact that a short shotgun had formed part of the basis for punishment in the state court and because 6 levels had been added to the defendant's total offense level for possession of that same gun in this case. I also agreed that Wehrbein's criminal history score should be II, rather than III.

The guidelines provide "[t]he court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing." U.S.S.G. § 6B1.4(d) (p.s.). "Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with results of the presentence investigation, and any other relevant information." U.S.S.G. § 6B1.4 comment (backg'd.)

Nevertheless, to avoid any unfairness to Mr. Wehrbein, I gave him an opportunity to withdraw his guilty plea. He has now stated that he does not want to withdraw his plea. Notwithstanding this decision, he seeks to specifically enforce the plea agreement.

## II.

■ Mr. Wehrbein seeks to force the court to follow the stipulation of the parties about an incorrect Guideline calculation. I refuse to do so. My reasons for the refusal are set forth below.

■ First, nothing in the written plea agreement or the colloquy at the Rule 11 proceeding could have led anyone to believe that the court was binding itself to follow the stipulation of the parties. The mere approval of the plea agreement did not amount to a statement that the court was bound to follow the stipulation. While the government was bound to follow the stipulation, the court, without a Rule 11(e)(1)(C) plea agreement, was free to find the facts and apply the law as is appropriate. The plea agreement literally only provided for a stipulation between *"the parties."* There was no reason for anyone to believe that the court was obligated to treat the agreement *as if* it were a Rule 11(e)(1)(C) agreement.

At the time of the Rule 11 proceeding, I specifically informed Mr. Wehrbein that I was not obligated to follow the plea agreement. Defense counsel made no objection to this statement. He made no effort to clarify the court's position either. The government's counsel has confirmed that he understood the plea agreement as I do; that is, government's lawyer understood

that the parties were stipulating as between themselves what they thought the appropriate base offense level was, but the court was free, indeed obligated, to find the facts and apply the law as was appropriate. In short, no reasonable person could have understood the written plea agreement or the Rule 11 exchange as indicating that the court was bound to follow the base offense level stipulation that was only between *"the parties."*

Second, the defendant's reliance upon *United States v. Granados,* 168 F.3d 343 (8th Cir.1999) is misplaced. In *Granados,* the government and the defendant entered into a written stipulation in which the government agreed to amend the indictment to charge Granados with one count of conspiracy to distribute more than 3.5 kilograms, but less than 5 kilograms of cocaine, as opposed to the original indictment that alleged between 5 kilograms and 15 kilograms. Granados objected to the presentence report which attributed 5 to 15 kilograms to Granados. The government, in violation of the stipulation, stated that the presentence report was correct. *Id.* at 345 n. 4. At the time of sentencing, Granados' lawyer did not call to the attention of the sentencing judge the terms of the plea agreement or the violation of the plea agreement by the government's lawyer. *Id.* at 345. The Court of Appeals found that defense counsel's failure to call the matter to the attention of the judge at sentencing prejudiced the defendant and warranted a new sentencing hearing. In so doing, the court noted in a footnote that:

> "After accepting the plea agreement, Fed.R.Crim.P. 11(e)(3) requires the court to 'inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.' The record indicates that did not occur."

*Id.* at 345 n. 3.

The defendant argues that *Granados* means that where there is no Rule 11(e)(1)(C) plea agreement, the court must

follow a stipulation in a plea agreement that: (1) is merely between the parties; and (2) calls for an incorrect Guideline calculation. The defendant disregards the facts of this case that distinguish it from *Granados*. He also misreads *Granados*.

In this case, the plea agreement provided that the "defendant understands that by entering this plea of guilty, defendant is exposed to imprisonment of not less than 0 years nor more than 10 years of imprisonment ... the defendant is aware that certain prior convictions may enhance the penalties specified above." (Filing 32, attachment at ¶ 1.) The plea agreement also provided that "[t]he parties agree and stipulate that for sentencing purposes Defendant's Base Offense Level for Count I should be 12 and Base Offense Level 14 for Count IV." (*Id.* ¶ 10.)

Reading these provisions together, the plea agreement here provided: (1) the defendant can be sentenced to up to ten years in prison (and perhaps more depending upon enhancements); (2) *as between the parties,* they stipulate that the Base Offense Level for Count I should be 12, and the Base Offense Level for Count IV should be 14. Counsel for the defendant would rewrite the plea agreement to add: "*In addition, the court is bound by the stipulation of the parties regarding the base offense level.*" However, the parties entered into no such agreement, and I made this clear at the Rule 11 proceeding. Moreover, I can and will "embody in the judgment and sentence the disposition provided for in the plea agreement" as required by Rule 11(e)(3) by imposing a sentence that is within the 10 year period contemplated by the plea agreement. Accordingly, the sentence called for by my tentative findings is entirely consistent with the plea agreement and in conformity with Rule 11 and the Guidelines.

Despite the defendant's argument, *Granados* does not require a misinterpretation of the plain words of the plea agreement. Fairly read, *Granados* stands for the proposition that the government must act consistently with a plea agreement. If it does not, and defense counsel does not call the violation to the attention of the court, the defendant is entitled to a new sentencing hearing. *Granados* does not stand for the proposition that the approval of a non-Rule 11(e)(1)(C) plea agreement also requires the court to blindly follow a stipulation that is both inconsistent with the Guidelines and solely between "the parties."

### III.

In conclusion, the plea agreement here did not provide for a specific sentence under Rule 11(e)(1)(C). Moreover, the Guidelines make clear that stipulations of the parties are not binding upon the court for sentencing purposes. Finally, *Granados* holds that the defendant is entitled to a new sentencing hearing if defense counsel does not require the *government* to follow *its* stipulation. It does not mean that the parties can stipulate to an incorrect Guideline calculation, and then require the court to implement their error. Accordingly,

IT IS ORDERED that the defendant's motion to enforce plea agreement and objections to tentative findings (filing 47) is denied.