# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3109

_____

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Stanley Johnson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 17, 2000

Filed: February 26, 2001

_____

Before BEAM, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BEAM, Circuit Judge.

Pursuant to a plea agreement, Stanley Johnson pled guilty to conspiracy to distribute methamphetamine and cocaine, and possession of a firearm during a drug trafficking crime. The agreement obligated the government to file a downward departure motion upon its determination that Johnson had provided it with substantial assistance. The government did not move for downward departure and Johnson was sentenced to 324 months imprisonment on the distribution count and 60 months on the firearm count, to be served consecutively, followed by supervised release. Johnson appeals his sentence. Because we find that the prosecution failed to comply with the

plea agreement, we vacate the sentence and remand to the district court for resentencing.

## I.    BACKGROUND

The plea agreement between Johnson and the government stated:

> Should you fully comply with all the terms and conditions of this agreement, and if you continue to do so in your dealings with the Probation Officer, and the United States Attorney for the District of Nebraska <u>concludes that you have provided substantial assistance</u> in the investigation or prosecution of one or more other persons who have committed an offense, the United States <u>shall file</u> a motion with the sentencing Court requesting the Court to depart downward from the sentencing guidelines in its sentencing of you.

Clerk's Record at 18 (emphasis added). The agreement further provided that the motion could be made pursuant to 18 U.S.C. § 3553(e) or United States Sentencing Guidelines § 5K1.1 or both. The presentence investigation report also refers to the plea agreement, stating, "In exchange for the defendant's pleas and cooperation, the government agreed to file a motion for downward departure pursuant to United States Sentencing Guidelines (U.S.S.G.) § 5K1.1 and/or 18 U.S.C. 3553(e) should the defendant's cooperation be deemed substantial."

At the July 16, 1999, sentencing, counsel for Johnson stated:

> I would like to bring to the Court's attention a couple of facts. First of all, since Mr. Johnson's incarceration, he has done everything he can to cooperate with the Government. He has had a number of meetings with some law enforcement officials, I think at least three or four, maybe even possibly another one, and I know that he has already provided a substantial assistance and his cooperation is not done. He intends to

-2-

continue cooperating in the investigation of a very large number of individuals. I would just like to bring that to the Court's attention.

Sent. Tr. at 9. The district court halted defense counsel at that point.

The Assistant United States Attorney did not make a departure motion. However, at the sentencing hearing, she indicated that she had in her possession a motion for reduction of sentence, pursuant to Federal Rule of Criminal Procedure 35(b), and that she would ask leave to file it at the end of the hearing. At the close of the procedure, the government asked leave to file the Rule 35(b) motion, which the court granted. In its motion, filed immediately after the hearing, the government conceded Johnson's substantial assistance, stating:

> [P]ursuant to Rule 35(b) of the Rules of Criminal Procedure [the government moves the] Court to lower the sentence of the defendant imposed on July 16, 1999, <u>due to Defendant's substantial assistance to the government</u>.
>
> It is expected that Mr. Johnson may be needed for further testimony and the government will file a request for a hearing on this Motion upon completion of his cooperation.

Add. at 14A (emphasis added). To date, the government has not filed a departure motion under section 5K1.1 of the United States Sentencing Guidelines or 18 U.S.C. § 3553(e), and Johnson's sentence imposed on July 16, 1999, remains in force.

## II. DISCUSSION

### A. Reviewability

As a preliminary matter, the government argues that its "refusal to file a substantial assistance motion is reviewable only when the defendant makes a substantial threshold showing that the refusal was irrational or based on an

unconstitutional motive." The argument is misplaced. We would agree with the government if Johnson were challenging the government's exercise of discretion as to whether he had provided substantial assistance, which under the plea agreement the government had reserved to itself, United States v. Wilkerson, 179 F.3d 1083, 1086 (8th Cir. 1999), or its exercise of discretion under the guidelines, Wade v. United States, 504 U.S. 181, 185-86 (1992) (finding that sections 5K1.1 and 3553 give the government power, but not a duty, to file a substantial assistance motion, and neither a defendant's claim that he provided substantial assistance nor generalized allegations of improper motive entitle him to a remedy, discovery, or an evidentiary hearing). However, at issue here is whether the government breached its plea agreement.

A prosecutor's agreement that, in any significant degree, induces the defendant to enter a plea, creates a duty to satisfy obligations that have arisen under that agreement. Santobello v. New York, 404 U.S. 257, 262 (1971); United States v. Granados, 168 F.3d 343, 346 (8th Cir. 1999); United States v. Van Horn, 976 F.2d 1180, 1183 (8th Cir. 1992). Here, the government agreed to make a departure motion under section 5K1.1 or 3553(e), or both, if in its sole discretion it determined that Johnson provided substantial assistance. The government exercised that discretion when it determined that Johnson had provided the requisite substantial assistance. Therefore, the executed agreement supersedes the government's otherwise broad discretion. United States v. Rounsavall, 128 F.3d 665, 668 (8th Cir. 1997); U.S. v. Watson, 988 F.2d 544, 552 (5th Cir. 1993) (stating that "[t]he crucial element . . . , which was not present in Wade, is the existence of a plea bargain in which the government bargained away its discretion to not submit a [departure] motion"); cf. Wade, 504 U.S. at 185 (indicating that the defendant had not claimed that an agreement by the government to file a departure motion had superseded the condition that one be filed). Consequently, we look to whether the plea agreement, and not the sentencing guidelines, entitled Johnson to the departure motion at sentencing.

The government further argues that we cannot address issues surrounding the plea agreement because Johnson "failed to object at the time of sentencing to the Government's decision not to file a motion for downward departure," and, therefore, such issues were not raised and decided at the district court level. Relying on Hormel v. Helvering, 312 U.S. 552, 556 (1941), the government suggests that it was somehow "surprised on appeal" by the plea agreement issue. Id. We find, however, that the plea agreement itself, as well as the revised presentence investigation report's explicit references to the pertinent terms of the agreement, were before the court, and that defense counsel sufficiently raised the issue when he specifically brought Johnson's assistance to the court's attention.[1] See United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996) (finding that the issue of a breach of plea agreement was raised in the district court by defense counsel's request to consider the subject thereof). It seems almost incredible that counsel for the government would be surprised by the issue we now address. "Even though the district court did not decide whether the plea agreement had been breached and instead imposed the . . . sentence" without

_____

[1]In any event, where a defendant fails to raise a breach of plea agreement in the district court, or even before this court, we have the authority to review the issue for plain error when the defendant's substantial rights are affected. Granados, 168 F.3d at 346. In Granados, we found that a defendant's substantial rights are affected if his prison sentence may be longer than it should have been under a plea agreement. Id. Also, as the government recognizes, an appellate court may resolve an issue not ruled on first by the district court where "proper resolution is beyond any doubt" or "'where injustice might otherwise result.'" Sanders v. Clemco Indus., 823 F.2d 214, 217 (8th Cir. 1987) (quoting Hormel, 312 U.S. at 557); see also Hegg v. United States, 817 F.2d 1328, 1330 n.2 (8th Cir. 1987) (indicating that an appellate court is justified in resolving an issue not passed on below when the issue is one of law and the necessary facts have been developed). When a plea agreement has been breached, remand for resentencing is in "the interests of justice." Santobello, 404 U.S. at 262.

The present case is unlike United States v. Oransky, 908 F.2d 307, 309 (8th Cir. 1990), where the government had not bound itself to make a departure motion. Similarly, United States v. Favara, 987 F.2d 538 (8th Cir. 1993), is inapposite.

considering Johnson's assistance to the government, "the issue of the breach of the plea agreement directly affects the lawfulness of the sentence, which is precisely what is under review in this . . . appeal." See id. (addressing a breach of plea agreement in similar circumstances).

### B.     The Plea Agreement

Issues concerning the interpretation and enforcement of a plea agreement are issues of law, which we review de novo. Van Thournout, 100 F.3d at 594.

Resolution of the plea-agreement issue in this matter requires us to look at the timing of a defendant's substantial assistance. In 1998, Rule 35(b) was amended to provide that "[i]n evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre-sentence assistance." Fed. R. Crim. P. 35(b). Before the amendment was added, a defendant could benefit by providing substantial assistance prior to sentencing, pursuant to section 5K1.1 of the guidelines, and could benefit by providing substantial assistance after sentencing, pursuant to Rule 35(b). However, no formal mechanism considered both a defendant's pre- and post-sentencing assistance in determining whether, in the aggregate, he had provided the substantial assistance required for a reduction of sentence. Id. advisory committee note. Therefore, it was unclear whether he could benefit from pre-sentencing assistance that, standing alone, did not amount to substantial assistance, but when added to post-sentencing assistance, would constitute substantial assistance. See, e.g., United States v. Alvarez, 115 F.3d 839, 842 (11th Cir. 1997) (finding that a Rule 35(b) motion did not encompass the totality of a defendant's cooperation). The 1998 amendment remedied this gap and allows aggregation of pre- and post-sentencing assistance to ascertain substantial assistance. Fed. R. Crim. P. 35(b) advisory committee note.

We recognize that, in the plea agreement, the government retained the "sole discretion" to determine whether Johnston's assistance was substantial, which, of

course, is permissible. Wilkerson, 179 F.3d at 1086. However, the government exercised that discretion in Johnson's favor when, in its Rule 35(b) motion, it conceded that he had indeed provided substantial assistance.[2] As established by the Assistant United States Attorney's allusion to holding the Rule 35(b) motion and intending to ask leave to file it, and by the timing of the filing, the government had already made that determination prior to sentencing. No aggregation of pre- and post-sentencing assistance was necessary to ascertain whether Johnson had provided substantial assistance.

Once the government determined that Johnson had provided substantial assistance, it was obligated to follow through with its agreement to file a departure motion. Santobello, 404 U.S. at 262; United States v. Coleman, 895 F.2d 501, 506 (8th Cir. 1990) ("An express promise to file a motion unambiguously binds the government."); United States v. Melton, 930 F.2d 1096, 1098 (5th Cir. 1991) ("[T]he government may neither misrepresent its intentions nor renege on representations reasonably relied and acted upon by defendants . . . ."). In addition, "'[a]llowing the government to breach a promise that induced a guilty plea violates due process.'" Van Thournout, 100 F.3d at 594 (citations omitted); see also Mabry v. Johnson, 467 U.S. 504, 509 (1984) (indicating that "when the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand").

Although, typically, a trial court may not depart from the Sentencing Guidelines without a motion by the government, the defendant may "nevertheless have a remedy

---

[2]The government attempts to distract us from this acknowledgment by directing our attention to its references to "the extent of [Johnson's] cooperation . . . not [being] known at [that] time." The government challenges the boundaries of our imaginations when it asks us to accept the premise that it did not know the extent of Johnson's cooperation during sentencing but suddenly had an epiphany later that day–an epiphany that was apparently already emerging prior to sentencing.

for the government's refusal to file the motion if the plea agreement[] between the [defendant] and the government bound the government to file such a motion." Coleman, 895 F.2d at 505. If the government fails to fulfill the terms of a plea agreement, the defendant may seek either specific performance of the agreement or withdrawal of his guilty plea. Id.; United States v. Barresse, 115 F.3d 610, 612 (8th Cir. 1997). Also, notwithstanding the language of an agreement, if the government's refusal to file a departure motion is irrational or in bad faith, the district court may require the government to make a downward departure motion. Rounsavall, 128 F.3d at 669.

In the present case, the language of the plea agreement is clear and the government's failure to file a departure motion prior to sentencing–when it had already determined that Johnson had provided substantial assistance–breached that agreement. Cf. id. at 668 (suggesting that the government may have violated its plea agreement in failing to file a section 3553(e) motion and remanding for an evidentiary hearing on the issue). The 1998 amendment to Rule 35(b) is not a mechanism to string a defendant along once the government has concluded he has already satisfied his obligation under a plea agreement–indefinitely holding a departure motion over his head like Damocles' sword. See Fed. R. Crim. P. 35(b) advisory committee note (discussing the purpose of the amendment); United States v. Novak, 217 F.3d 566, 572 n.13 (8th Cir. 2000) (discussing the purpose of a Rule 35(b) motion). Under the approach advocated by the government, the government could get a guilty plea, pre-sentencing substantial assistance, plus Johnson's efforts toward providing post-sentencing substantial assistance, and a full sentence under the guidelines–all without fulfilling its own promise under the agreement.

We acknowledge the legitimacy of the government's goal of encouraging a defendant's further cooperation. However, once the government determines that a defendant has satisfied a condition precedent, the government's fulfillment of its own

obligation under the plea agreement becomes paramount. <u>Santobello</u>, 404 U.S. at 260 (indicating that although "an unfortunate lapse in orderly prosecutorial procedures" may be explicable, it does not excuse the breach of a plea agreement). Furthermore, in this case, the government was not without valid options to encourage additional assistance. A defendant who receives a departure for substantial assistance rendered before sentencing is not precluded from providing post-sentencing substantial assistance in exchange for a Rule 35(b) motion. Fed. R. Crim. P. 35(b) advisory committee's note; <u>see also</u> <u>United States v. Causor-Serrato</u>, 234 F.3d 384, 387 (8th Cir. 2000) (indicating that government witnesses had "received significant reductions in their own sentences pursuant to United States Sentencing Guidelines . . . § 5K1.1 for rendering the government substantial assistance, and [were] hoping for even more of a reduction under Federal Rule of Criminal Procedure 35" in exchange for their post-sentencing testimony against the defendant).

## C.    Rule 35(b)

Johnson also asks us to determine whether a Rule 35(b) motion provides the same relief as that provided by a section 3553(e) or 5K1.1 motion. Because we remand for resentencing consistent with the terms of the plea agreement, which requires the government to file a section 3553(e) and/or a 5K1.1 motion, we need not reach this issue.[3]

---

[3]The government argues that a Rule 35(b) motion would yield Johnson essentially the same result as would a section 3553(e) or 5K1.1 motion. Whether or not the government is correct, its argument further bolsters our position. If it had determined a Rule 35(b) motion–which it believes to be the equivalent of a section 3553(e) or 5K1.1 motion–was in order prior to sentencing, it should have filed the appropriate departure motion at that time. "[A]t this stage the prosecution is not in a good position to argue that its . . . breach of agreement is immaterial." <u>Santobello</u>, 404 U.S. at 262.

## III.  CONCLUSION

Unlike the situation in <u>Rounsavall</u>, 128 F.3d at 668, we see no need for an evidentiary hearing to determine the government's reasons for failing to file the appropriate departure motion prior to sentencing.  The express terms of the plea agreement and the government's determination that Johnson had provided substantial assistance speak for themselves.[4]

The plea agreement, along with the government's exercise of its discretion to determine Johnson's substantial assistance, required the government to file a section 5K1.1 or a 3553(e) departure motion, or both, prior to sentencing.  The government breached the agreement by failing to do so.  Consequently, we vacate the sentence and remand the case to the district court for resentencing.  Because Johnson is entitled to specific performance of the plea agreement, upon remand, the government is to file a motion or motions in accordance with the plea agreement.[5]

---

Also, we note in passing that appeal of a reduced sentence pursuant to a Rule 35(b) motion carries a greater onus than does a pre-sentence departure.  <u>See</u> <u>United States v. Coppedge</u>, 135 F.3d 598, 599 (8th Cir. 1998) (dismissing for lack of jurisdiction an appeal of reduced sentence pursuant to Rule 35(b) motion).

[4]We realize that, in the future, the government may try to avoid the result of our decision today by simply not acknowledging that it has already determined that a defendant's assistance has been substantial.  It is our hope that the aegis of <u>Rounsavall</u> and prosecutors' integrity will deter that course.

[5]Any additional post-sentencing substantial assistance can be considered pursuant to a Rule 35(b) motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.