# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1958

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| Jose Refugio Gil-Becerra, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:   November 7, 2002

Filed:   November 15, 2002

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Jose Refugio Gil-Becerra appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa after he pleaded guilty to unlawfully reentering the United States following removal, in violation of 8 U.S.C. § 1326(a). The district court sentenced Gil-Becerra to 12 months imprisonment to be followed by 1 year of supervised release. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing for reversal that the guilty

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

plea was involuntary because Gil-Becerra was led to believe by his counsel that he would be sentenced to time served.

We conclude that the district court did not plainly err in accepting Gil-Becerra's guilty plea because he confirmed at his plea hearing that he realized, despite counsel's prediction, that he could be sentenced to up to 2 years imprisonment. <u>See</u> <u>United States v. Granados</u>, 168 F.3d 343, 345 (8th Cir. 1999) (per curiam). Having found no nonfrivolous issues following our independent review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we grant counsel's motion to withdraw.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.