# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2777

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Northern |
| | * District of Iowa. |
| Cesar Lupian-Barajas, also known as | * |
| Cesar Lupian Perez, also known as | * [UNPUBLISHED] |
| Lupian Cesar, | * |
| | * |
| Appellant. | * |

_____

Submitted: January 7, 2003

Filed: January 14, 2003

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Cesar Lupian-Barajas pleaded guilty to illegal reentry following his conviction for a crime of violence and deportation, in violation of 8 U.S.C. § 1326(a) and (b). During the plea hearing defense counsel predicted a sentencing range of 70 to 87 months; the magistrate judge[1] acknowledged counsel's expertise with the Sentencing

_____

[1]The Honorable Paul A. Zoss, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred by consent of the parties for

Guidelines, and stated that counsel's prediction was not binding but was a "pretty good indicator of what's likely to happen." The later-calculated range was 77 to 96 months, and the district court[2] imposed a sentence of 90 months imprisonment and 2 years supervised release. On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the guilty plea was rendered involuntary because Mr. Lupian-Barajas was led to believe he would be sentenced within a lower Guidelines range.

We disagree, noting that the magistrate judge informed Mr. Lupian-Barajas of the statutory maximum sentence, and clearly warned him that the district court was not bound by defense counsel's prediction. See United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999) (defendant's reliance on attorney's mistaken impression about length of sentence is insufficient to render plea involuntary as long as court informed defendant of maximum possible sentence). Upon reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

proceedings required by Fed. R. Crim. P. 11.

[2]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.