# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1420

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Daniel Lugo-Sanchez, | * | Southern District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |
| | * | |

_____

Submitted: January 18, 2006
Filed: January 20, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Daniel Lugo-Sanchez challenges the 120-month statutory minimum sentence the district court[1] imposed after he pleaded guilty to a drug charge. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Lugo-Sanchez's plea was involuntary because he was led to believe he would be eligible for safety-valve relief pursuant to 18 U.S.C. § 3553(f). Lugo-Sanchez has filed a pro se supplemental brief arguing that his plea was "coerced"

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

because his attorney told him that he would receive a 5-year sentence, and he did not understand the legal terms used in the proceedings; that he should have been given a more lenient sentence under U.S.S.G. § 5K2.13 due to his mental deficiencies; that his criminal record does not justify the severity of his sentence; and that his sentence was affected by Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). We reject each of these arguments and affirm.

Initially, we note that the involuntary-guilty-plea claim is not properly before us, as Lugo-Sanchez did not present the claim to the district court, and in fact his attorney specifically confirmed that Lugo-Sanchez was prepared to proceed with sentencing after being informed of his ineligibility for safety-valve relief. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim of involuntary guilty plea must first be presented to district court, and is not cognizable on direct appeal).[2]

Further, Lugo-Sanchez's intellectual functioning is not a basis for a sentence below the mandatory minimum, see 18 U.S.C. § 3553(e), (f); any ineffective-assistance claim should be raised in 28 U.S.C. § 2255 proceedings, see United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003); and there was no error under Blakely or Booker, as Lugo-Sanchez was sentenced to the statutory mandatory minimum, see United States v. Torres, 409 F.3d 1000, 1004 (8th Cir. 2005).

---

[2]In any event, Lugo-Sanchez's plea is not rendered involuntary based merely on an alleged mistaken belief that he would be eligible for safety-valve relief. See United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999) (per curiam) (defendant's reliance on attorney's mistaken impression about length of sentence insufficient to render plea involuntary as long as court informed defendant of maximum possible sentence).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues.  Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____