# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-2943

_____

United States of America

*Appellee*

v.

Carlous Lindell Daily

*Appellant*

_____

No. 11-3196

_____

United States of America

*Appellant*

v.

Carlous Lindell Daily

*Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

_____

Before SMITH, ARNOLD, and COLLOTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Carlous Daily appeals from the sentence that the district court[1] imposed after granting him relief from his previous sentence under 28 U.S.C. § 2255. The government cross-appeals, asserting that relief was time-barred and that the district court had no statutory power to resentence Mr. Daily. We affirm.

I.

A jury convicted Mr. Daily of conspiring to commit bank robbery, *see* 18 U.S.C. §§ 371, committing armed bank robbery, *see* 18 U.S.C. § 2113(a), (d), and using a firearm during a crime of violence, *see* 18 U.S.C. §§ 924(c)(1). The court then determined that Mr. Daily's Sentencing Guidelines range was 444 months to life and sentenced him to 444 months' imprisonment. After we affirmed the conviction on direct appeal, *see United States v. Daily*, 488 F.3d 796 (8th Cir. 2007), Mr. Daily filed a timely § 2255 motion, raising a number of claims. Although the district court rejected the claims that Mr. Daily made and denied his request to supplement the pleadings by adding an argument related to his sentencing range, the court *sua sponte* noticed a separate error in the Sentencing Guidelines calculations and directed the parties to show cause why Mr. Daily should not get relief for his counsel's ineffective assistance in not discovering that error. After reviewing the parties' responses, the district court decided that the original sentence had indeed been based on an

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

erroneously calculated range that his counsel should have noticed and objected to, and it resentenced Mr. Daily to 420 months in prison.

## II.

Mr. Daily maintains that his new sentence is unreasonable because in fixing it the district court gave too much weight to acquitted conduct, did not adequately consider mitigating factors, and imposed a punishment that was "greater than necessary" to accomplish the sentencing goals set out in 18 U.S.C. § 3553(a).[2] But our examination of the record reveals that the district court did not in fact consider acquitted conduct, and, in any case, a court is not prohibited from doing so in determining a sentence, *see United States v. Whiting*, 522 F.3d 845, 850 (8th Cir. 2008). Mr. Daily, moreover, does not point to any specific mitigating factors relevant to sentencing that the court ignored. Finally, Mr. Daily has given us no reason to believe that his sentence was "greater than necessary" to fulfill the goals outlined in § 3553(a), which the district court specifically adverted to in imposing the sentence. *See, e.g., United States v. Wohlman*, 651 F.3d 878, 887 (8th Cir. 2011).

## III.

The government, in its cross-appeal, raises no objection to the sentence that the district court imposed. It maintains instead that any relief Mr. Daily would have otherwise been entitled to was time-barred and that the district court had no authority to revise Mr. Daily's sentence.

First of all, the government characterizes the district court's order to show cause as a § 2255 motion, and it maintains that the motion is untimely under § 2255(f). The infirmity in this argument is that the order was not a motion: It was a means of alerting the parties that the court was *sua sponte* considering revising

---

[2]In a *pro se* brief, Mr. Daily raises some further objections to his sentence, which we reject as meritless.

Mr. Daily's sentence on a ground that he did not raise.  This contention is therefore without merit.

The dissent suggests that we should impose a time limit on when a district court may notice a plain error in a habeas proceeding that is timely filed, but we see no warrant in the applicable rules or statutes for doing so.  There is, moreover, a practical difficulty with doing so, because in many cases (including this one) there would be no reliable way to determine when the court first "noticed" the error or made its "motion," which presumably would be when it decided to consider a claim *sua sponte* and not when it told the parties, if it ever did, that it was going to do so. Perhaps devising a time limit on when a district court can notice an error in a habeas proceeding is desirable, but that is a matter for an appropriate rule-making authority, not this court.

The government also contends that the district court had no power to notice a matter *sua sponte* that Mr. Daily did not himself raise in his motion.  But we have held that Fed. R. Crim. P. 52, which allows a court to consider "plain error that affects substantial rights ... even though it was not brought to the court's attention," provides us with a basis for granting § 2255 relief on appeal on grounds that the petitioner did not raise. *See King v. United States*, 595 F.3d 844, 854 (8th Cir. 2010); *United States v. Granados*, 168 F.3d 343, 346 (8th Cir. 1999) (per curiam).  Though the government urges us to hold otherwise, we see no reason to doubt that Rule 52 gives a district court the same power.  In fact, Rule 12 of the Rules Governing § 2255 Proceedings specifically provides that "the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Since we see no inconsistency between the § 2255 rules (or any statute) and Fed. R. Crim. P. 52, the district court had the power to notice plain error *sua sponte* in the current proceeding and give relief on it.

The government also directs our attention to 18 U.S.C. § 3582, which provides that courts may not revise sentences unless, as relevant here, they are "expressly permitted by statute" to do so. 18 U.S.C. § 3582(c)(1)(B). But here, the court had statutory authority to modify a sentence that "was imposed in violation of the Constitution ... of the United States," 28 U.S.C. § 2255, and it exercised that authority to modify Mr. Daily's sentence when it concluded that it violated his Sixth Amendment right to adequate representation.

IV.

Because the district court did not err in noticing the error in the original calculation of Mr. Daily's sentence, and the government does not dispute that Mr. Daily's counsel was ineffective in not calling the court's attention to the error or that the error merited plain error relief, we affirm the judgment of the district court.

COLLOTON, Circuit Judge, concurring in part and dissenting in part.

If Carlous Daily had sought to supplement his pending 28 U.S.C. § 2255 motion based on the same ground raised by the district court on the same date that the district court raised it, then the district court would have been required to reject Daily's request as untimely. *See* 28 U.S.C. § 2255(f). Under the majority's approach, however, a district court may deny an untimely movant's request to supplement but then immediately grant relief *sua sponte* on the same ground. I disagree that a district court has such authority to circumvent the statute of limitations, and I would reverse the district court's *sua sponte* modification of Daily's sentence.

Daily's conviction became final when the Supreme Court denied certiorari on his direct appeal on February 19, 2008. He filed a timely motion under § 2255 on January 28, 2009. On October 6, 2009, after the one-year statute of limitations expired, Daily moved for leave to supplement his § 2255 motion with a new claim. The district court denied Daily's motion to supplement and his § 2255 motion on

April 23, 2010. At the same time, the district court ordered the parties to show cause "why the Court should not find that Daily's trial and appellate counsel were ineffective in failing to challenge the guideline range used at sentencing." The government responded that the court lacked authority to resentence Daily on the grounds suggested in the order to show cause. The district court, however, resentenced Daily on August 11, 2011, reducing his term of imprisonment by twenty-four months on the ground that Daily's counsel was ineffective for failing to notice an error in calculating the sentencing guideline range.

Once a district court has imposed a term of imprisonment, the court's authority to modify the term is circumscribed by statute. 18 U.S.C. § 3582(c). The general rule is that a court may not modify a sentence, but there is an exception "to the extent otherwise expressly permitted by statute." *Id*. § 3582(c)(1)(B).

Section 2255 expressly permits some modifications of a sentence, but not any finding that a term of imprisonment was "imposed in violation of the Constitution . . . of the United States" will do. The statute allows that "[a] prisoner in custody . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The court shall then determine the issues and make findings of fact and conclusions of law with respect to the motion. *Id*. § 2255(b). There is a strict time limit for seeking relief: "A 1-year period of limitation shall apply to a motion under this section." *Id*. § 2255(f). Section 2255 thus does not "expressly permit" a district court to modify a sentence more than one year after the limitation period commences and without a motion by a prisoner.

Although the text of § 2255 calls for a motion by a prisoner, two decisions of this court have ordered relief under § 2255 *sua sponte*, without such a motion. *King v. United States*, 595 F.3d 844, 854 (8th Cir. 2010); *United States v. Granados*, 168 F.3d 343, 345-46 (8th Cir. 1999) (per curiam). Accepting those decisions as binding precedent, and even assuming the authority to order relief *sua sponte* extends

to a district court, neither *King* nor *Granados* purports to eliminate the one-year statute of limitations. One reasonably would expect such a dramatic assertion of judicial authority to appear in an opinion that purports to exercise it, but neither decision even mentions an issue of timing. *Cf. Webster v. Fall*, 266 U.S. 507, 511 (1924) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."). Even the district court did not rely on any authority purportedly granted by *King* or *Granados*, recognizing instead that "there is scant precedent for this type of a change in sentence, a re-sentencing so long after the fact." R. Doc. 301, Tr. of Mot. Hr'g 28 (Aug. 11, 2011).

In deference to the law's important interest in the finality of judgments, and to the intent of Congress clearly reflected in § 2255(f), any judicially-created authority of a district court to grant relief *sua sponte* under § 2255 should be limited to grounds raised by the court within the one-year limitation period. The majority rejects the government's characterization of the district court's order to show cause as a "habeas motion" that is subject to the statute of limitations, *ante*, at 3-4, but the government presumably drew on the district court's own words: "I'm going to grant the habeas motion finding ineffective assistance of counsel." Tr. of Mot. Hr'g at 27. If this court's assertion of authority to grant relief under § 2255 without a motion by the prisoner now also means that a district court may act without regard to the one-year period of limitation that applies to motions, then there is all the more reason to reconsider *King* and *Granados* and return to the textual requirement of a motion. *Cf. United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002) ("[T]here exists no 'inherent authority' for a district court to modify a sentence.").

The court, having established authority for a district court to modify a sentence in a circumstance that is not "expressly permitted by statute," 18 U.S.C. § 3582(c), ironically suggests that a time limit on this judicially-created authority should be set only by "an appropriate rule-making authority, not this court." *Ante*, at 5. The one-

year time limit, however, is already set by an appropriate rule-making authority: Congress. *See* 28 U.S.C. § 2255(f). There is, of course, a reliable way to determine when the court first made its self-described "habeas motion." It did so at the time when it gave notice to the parties in its order to show cause—a date that in this case was well beyond the one-year statute of limitations. We ought not fret about any "practical difficulty" that might arise from a hypothetical scenario in which a district court thinks of a claim before the one year expires but fails to make a timely motion. Prisoners encounter the same difficulty, but timeliness is determined based on the date of filing, not on the date of rumination or realization. The effect of affirming the district court's action here is to dispense with a statute of limitations established by statute: If a district court notices an error two years after the statute of limitations begins to run, then it is free to grant relief without regard to the one-year statute of limitations. But if the statutory time limit is to be eliminated, then that surely is a matter for an appropriate legislative body, not this court.

The ground on which the district court granted relief was not raised by the district court or by Daily within the one-year limitations period established by § 2255(f). It does not relate back to any ground that was timely raised in Daily's original pleading. *See* Fed. R. Civ. P. 15(c)(1); *Mayle v. Felix*, 545 U.S. 644, 662-64 (2005). The district court thus lacked authority to modify Daily's term of imprisonment. I would reverse the district court's grant of relief, and I concur in the court's decision to affirm all other aspects of the district court's decision.

———————————————

-8-