COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
If Carious Daily had sought to supplement his pending 28 U.S.C. § 2255 motion based on the same ground raised by the district court on the same date that the district court raised it, then the district court would have been required to reject Daily’s request as untimely. See 28 U.S.C. § 2255(f). Under the majority’s approach, however, a district court may deny an untimely movant’s request to supplement but then immediately grant relief sua sponte on the same ground. I disagree that a district court has such authority to circumvent the statute of limitations, and I would reverse the district court’s sua sponte modification of Daily’s sentence.
Daily’s conviction became final when the Supreme Court denied certiorari on his direct appeal on February 19, 2008. He filed a timely motion under § 2255 on January 28, 2009. On October 6, 2009, after the one-year statute of limitations expired, Daily moved for leave to supplement his § 2255 motion with a new claim. The district court denied Daily’s motion to supplement and his § 2255 motion on April 23, 2010. At the same time, the district court ordered the parties to show cause “why the Court should not find that Daily’s trial and appellate counsel were ineffective in failing to challenge the guideline range used at sentencing.” The government responded that the court lacked authority to resentence Daily on the grounds suggested in the order to show cause. The district court, however, resentenced Daily on Au *455 gust 11, 2011, reducing his term of imprisonment by twenty-four months on the ground that Daily’s counsel was ineffective for failing to notice an error in calculating the sentencing guideline range.
Once a district court has imposed a term of imprisonment, the court’s authority to modify the term is circumscribed by statute. 18 U.S.C. § 3582(c). The general rule is that a court may not modify a sentence, but there is an exception “to the extent otherwise expressly permitted by statute.” Id. § 3582(c)(1)(B).
Section 2255 expressly permits some modifications of a sentence, but not any finding that a term of imprisonment was “imposed in violation of the Constitution ... of the United States” will do. The statute allows that “[a] prisoner in custody ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.” 28 U.S.C. § 2255(a). The court shall then determine the issues and make findings of fact and conclusions of law with respect to the motion. Id. § 2255(b). There is a strict time limit for seeking relief: “A 1-year period of limitation shall apply to a motion under this section.” Id. § 2255(f). Section 2255 thus does not “expressly permit” a district court to modify a sentence more than one year after the limitation period commences and without a motion by a prisoner.
Although the text of § 2255 calls for a motion by a prisoner, two decisions of this court have ordered relief under § 2255 sua sponte, without such a motion. King v. United States, 595 F.3d 844, 854 (8th Cir.2010); United States v. Granados, 168 F.3d 343, 345-46 (8th Cir.1999) (per curiam). Accepting those decisions as binding precedent, and even assuming the authority to order relief sua sponte extends to a district court, neither King nor Granados purports to eliminate the one-year statute of limitations. One reasonably would expect such a dramatic assertion of judicial authority to appear in an opinion that purports to exercise it, but neither decision even mentions an issue of timing. Cf. Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1924) (“Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.”). Even the district court did not rely on any authority purportedly granted by King or Granados, recognizing instead that “there is scant precedent for this type of a change in sentence, a re-sentencing so long after the fact.” R. Doc. 301, Tr. of Mot. Hr’g 28 (Aug. 11, 2011).
In deference to the law’s important interest in the finality of judgments, and to the intent of Congress clearly reflected in § 2255(f), any judicially-created authority of a district court to grant relief sua sponte under § 2255 should be limited to grounds raised by the court within the one-year limitation period. The majority rejects the government’s characterization of the district court’s order to show cause as a “habeas motion” that is subject to the statute of limitations, ante, at 456, but the government presumably drew on the district court’s own words: “I’m going to grant the habeas motion finding ineffective assistance of counsel.” Tr. of Mot. Hr’g at 27. If this court’s assertion of authority to grant relief under § 2255 without a motion by the prisoner now also means that a district court may act without regard to the one-year period of limitation that applies to motions, then there is all the more reason to reconsider King and Granados and return to the textual requirement of a motion. Cf. United States v. Diaz-Clark, 292 F.3d 1310, 1319 (11th Cir.2002) (“[Tjhere exists no ‘inherent authority for a district court to modify a sentence.”).
*456 The court, having established authority for a district court to modify a sentence in a circumstance that is not “expressly permitted by statute,” 18 U.S.C. § 3582(c), ironically suggests that a time limit on this judicially-created authority should be set only by “an appropriate rule-making authority, not this court.” Ante, at 453. The one-year time limit, however, is already set by an appropriate rule-making authority: Congress. See 28 U.S.C. § 2255(f). There is, of course, a reliable way to determine when the court first made its self-described “habeas motion.” It did so at the time when it gave notice to the parties in its order to show cause — a date that in this case was well beyond the one-year statute of limitations. We ought not fret about any “practical difficulty” that might arise from a hypothetical scenario in which a district court thinks of a claim before the one year expires but fails to make a timely motion. Prisoners encounter the same difficulty, but timeliness is determined based on the date of filing, not on the date of rumination or realization. The effect of affirming the district court’s action here is to dispense with a statute of limitations established by statute: If a district court notices an error two years after the statute of limitations begins to run, then it is free to grant relief without regard to the one-year statute of limitations. But if the statutory time limit is to be eliminated, then that surely is a matter for an appropriate legislative body, not this court.
The ground on which the district court granted relief was not raised by the district court or by Daily within the one-year limitations period established by § 2255(f). It does not relate back to any ground that was timely raised in Daily’s original pleading. See Fed.R.Civ.P. 15(c)(1); Mayle v. Felix, 545 U.S. 644, 662-64, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). The district court thus lacked authority to modify Daily’s term of imprisonment. I would reverse the district court’s grant of relief, and I concur in the court’s decision to affirm all other aspects of the district court’s decision.